RICKEY HARRIS v. JOAN E. PEMBAUR

No. 8620SC784

(Filed 17 March 1987)

1. Courts § 2.1 — contract for sale of horse disputed — subject matter jurisdiction established

     A contract dispute with regard to the sale of a horse constituted a "justiciable matter" which was "cognizable" in N. C. trial courts so that the trial judge's determination that there was no subject matter jurisdiction was in error. N.C.G.S. § 7A-240.

2. Process § 9.1 — nonresident individual — minimum contacts with North Carolina — finding of no personal jurisdiction improper

     The trial court erred in determining that there was no *in personam* jurisdiction over the Ohio defendant where the action arose out of defendant's failure to honor her promise to deliver cash due under the parties' contract to "Ronnie Beard Training Stables," which was located in North Carolina; defendant failed to raise the defense of lack of jurisdiction over the person; defendant made a voluntary appearance in North Carolina to defend the case and filed a counterclaim against plaintiff along with her answer, thus submitting herself to the jurisdiction of the court; and defendant admitted to the existence of jurisdiction in her answer. N.C.G.S. § 1-75.4(5)(c); N.C.G.S. 1A-1, Rule 12.

APPEAL by plaintiff from *Walker, Judge.* Judgment entered 12 June 1986 in Superior Court, MOORE County. Heard in the Court of Appeals 7 January 1987.

In March 1982, Ronnie Beard, a horse trainer from North Carolina, visited Illinois to inspect plaintiff's horse, Bold Seeker. Beard was interested in purchasing the horse for his client, defendant Joan Pembaur, who wanted the horse for her daughter.

Beard returned to North Carolina where defendant authorized him to call plaintiff to negotiate the sale. Plaintiff agreed to sell Bold Seeker for $65,000.00, which included a commission of $5,000.00 for Beard. Plaintiff also agreed to accept defendant's horse, Romney, as a $25,000.00 credit toward the purchase price and to take a $35,000.00 note stating that defendant would pay the balance to Ronnie Beard Training Stables by 1 May 1982. Beard would then pay the balance to plaintiff.

After the terms of the sale were agreed upon, plaintiff delivered Bold Seeker to the Pembaur's farm in Ohio. The next day defendant transported the horse to Beard's stables in North

Carolina where Bold Seeker was shown in several horse shows before being returned to the Pembaur farm in Ohio.

Defendant wrote two checks, one for $5,000.00 and one for $26,000.00, payable to Ronnie Beard Training Stables, towards payment of the balance due on Bold Seeker. She subsequently stopped payment on both of these checks. Plaintiff then filed this action against defendant for failure to pay the balance due on the sale of the horse. Defendant filed an answer and counterclaim, both of which alleged that Bold Seeker was defective and in poor physical condition.

At trial, at the close of plaintiff's evidence, defendant moved for a directed verdict, on the grounds of lack of jurisdiction. From the judgment entered on that motion, plaintiff appeals.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., attorney for plaintiff appellant.*

*West, Crawford & James, by Randolph M. James, attorney for defendant appellee.*

ORR, Judge.

The issue for consideration is whether the trial court properly dismissed plaintiff's case for lack of subject matter jurisdiction and lack of personal jurisdiction.

[1]  We first address the question of subject matter jurisdiction. Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question. W. Shuford, *N.C. Civil Practice and Procedure* § 12-6 (1981).

Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute. Article I, § 18 of the North Carolina Constitution states: "All courts shall be open; every person for an injury done him in his lands, goods, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay."

Subject matter jurisdiction is statutorily conferred on the trial divisions of the General Court of Justice in this state under N.C.G.S. § 7A-240 which states:

Original civil jurisdiction generally.

Except for the original jurisdiction in respect of claims against the State which is vested in the Supreme Court, original general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice. Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently in each division.

It is, therefore, evident that except for areas specifically placing jurisdiction elsewhere (such as claims under the Workers' Compensation Act) the trial courts of North Carolina have subject matter jurisdiction over "all justiciable matters of a civil nature."

The contract dispute between the parties in this case constitutes a "justiciable matter" that is "cognizable" in our trial courts. Therefore, the trial judge's determination that there was no subject matter jurisdiction was in error.

[2] We now turn to the question of whether the trial court correctly determined that there was no *in personam* jurisdiction over the defendant.

A court can render judgment against a party "only if there exists one or more of the jurisdictional grounds set forth in G.S. 1-75.4 . . . ." N.C.G.S. § 1-75.3 (1983). The first question to be answered then is whether defendant meets one of the twelve categories of circumstances set forth in N.C.G.S. § 1-75.4.

Plaintiff contends that the applicable statutory grounds are set forth in N.C.G.S. § 1-75.4(5)(c) which states that there is jurisdiction in an action which "[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to deliver or receive within this State, or to ship from this State goods, documents of title, or other things of value."

In reviewing the evidence, the contract required that the balance of the purchase price was to be paid to Ronnie Beard Training Stables which was located in North Carolina. Therefore,

the action arose out of defendant's failure to honor the promise to deliver the cash due under the contract to Ronnie Beard Training Stables. N.C.G.S. § 1-75.4(5)(c) would therefore apply and our "long-arm statute" allows jurisdiction.

The next step in the process would normally be to determine if the requirements of due process have been sufficiently met to impose *in personam* jurisdiction over defendant.

As to this question, defendant's failure to timely raise the defense and her admission of jurisdiction in her answer, precludes her from prevailing on this point.

The manner of presenting the defense of lack of jurisdiction over the person is governed by Rule 12 of the North Carolina Rules of Civil Procedure. The pertinent provisions of that rule are as follows:

(b) How Presented. Every defense, . . . to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto . . ., except that the following [defense] may at the option of the pleader be made by motion:

. . .

(2) Lack of jurisdiction over the person,

. . .

(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted . . . .

(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person . . . is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . .

Rule 12 provides that a defendant may raise the defense of lack of jurisdiction over his person by a pre-answer motion or by

a responsive pleading. If the defendant fails to proceed in this manner, the defense of lack of jurisdiction is waived. *Simms v. Stores, Inc.*, 285 N.C. 145, 203 S.E. 2d 769 (1974).

In the case at hand, defendant never raised the defense of lack of jurisdiction over the person either by way of a pre-answer motion or by including the defense in her answer. In fact, there was never a jurisdictional motion before the court. Defendant raised the defense at the close of plaintiff's evidence by moving for a directed verdict. According to Rule 12, a motion for a directed verdict is not an appropriate method of presenting the defense of lack of jurisdiction over the person. Since defendant neither made an appropriate pre-answer motion, nor raised the defense in her answer, the defense is waived.

In addition, defendant made a voluntary appearance in North Carolina to defend this case. She also filed a counterclaim against plaintiff along with her answer. Once defendant submitted herself to the jurisdiction of the court, then the defense of lack of jurisdiction over the person was no longer available to her. A defendant submits to the jurisdiction of the court by formally entering a voluntary appearance, by seeking some affirmative relief at the hands of the court, or by utilizing the facilities of the court in some manner inconsistent with the defense that the court has no jurisdiction over her. *Simms v. Stores, Inc.*, 285 N.C. at 156, 203 S.E. 2d at 776.

Finally, defendant admitted to the existence of jurisdiction in her answer. Plaintiff, in his complaint, alleged the following:

> 2. The Defendant is a citizen and resident of Cincinnati, Ohio. Jurisdiction . . . is obtained under North Carolina General Statutes 1-75.4.

In her answer, defendant responded as follows:

> II. That the allegations contained in paragraph two of the plaintiff's complaint are admitted.

Facts alleged in the complaint and admitted in the answer are conclusively established by the admission. *Champion v. Waller*, 268 N.C. 426, 150 S.E. 2d 783 (1966). Defendant admitted the existence of jurisdiction in her answer. That fact is now conclusively established and cannot be disputed.

Based on the above circumstances, we hold that the trial court's dismissal of plaintiff's complaint for lack of jurisdiction was error.

Reversed.

Judges ARNOLD and PHILLIPS concur.