EDGAR SCHALL v. CHARLES JENNINGS

No. 8921SC1003

(Filed 3 July 1990)

1. **Courts § 4 (NCI3d) — subject matter jurisdiction — nonresident parties — action on $20,000 debt**

   The trial court erred in dismissing an action to collect a $20,000 debt for lack of subject matter jurisdiction and in not remedying the error pursuant to N.C.G.S. § 1A-1, Rule 59(8). A contract action on an alleged $20,000 debt qualifies as a matter of a justiciable nature in which the amount in controversy exceeds $10,000 and is not otherwise delegated to the district courts; the fact that neither party resides in North Carolina is irrelevant to determining subject matter jurisdiction. N.C.G.S. § 7A-240, N.C.G.S. § 7A-243.

   **Am Jur 2d, Courts §§ 93, 154 et seq.**

2. **Process § 8 (NCI3d) — personal jurisdiction — waived — service of nonresident defendant in North Carolina**

   Defendant in a debt collection action waived the issue of personal jurisdiction by appearing at trial without raising

the question; even if he had not waived the issue, the record shows that he was personally served with summons and complaint in a hotel in Winston-Salem, North Carolina, and the North Carolina Supreme Court has unequivocally held that personal service of process within North Carolina confers personal jurisdiction over a nonresident party.

**Am Jur 2d, Courts §§ 143, 145.**

APPEAL by plaintiff from order entered 16 August 1989 by *Judge James A. Beaty, Jr.,* in FORSYTH County Superior Court. Heard in the Court of Appeals 3 April 1990.

*Theodore M. Molitoris for plaintiff-appellant.*

*William L. Durham for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals the trial court's order denying his Rule 59 motion for a new trial.

This is the second appearance of this case on our docket. In the first visit the defendant appealed the trial court's grant of its own new trial motion without allowing the parties to be heard. *Schall v. Jennings,* 94 N.C. App. 601, 381 S.E.2d 353 (1989) (unpublished opinion). The facts of this case, as ably articulated in the first appeal are as follows:

> In his complaint, plaintiff alleged that he loaned defendant $20,000 in 1981. Defendant was then married to plaintiff's daughter; however, they later divorced. Plaintiff claimed that defendant paid annual interest on the loan from 1981 to 1985 but thereafter refused to pay. Plaintiff, a resident of Paris, France, filed suit 12 May 1987 to recover the loan principal and unpaid interest. Plaintiff claimed that defendant was a resident of Greensboro, North Carolina. The day before moving to London, England, on reassignment with R. J. Reynolds Tobacco, defendant was personally served with process on 12 May 1987 in Greensboro. Among other defenses, defendant denied that the loan was made, and he denied that he was a resident of Greensboro.
>
> While his case was pending, plaintiff initiated an attachment proceeding to levy on real property owned by defendant

in Guilford County. An order of attachment was thereafter issued on defendant's property. A consent order was entered allowing defendant to sell the attached property and to deposit $24,000 with the Clerk of Superior Court of Forsyth County. The funds were subsequently deposited with the Clerk and the order of attachment was cancelled.

On 26 April 1988 at the close of plaintiff's evidence, the trial court allowed defendant's motion to dismiss *for lack of personal and subject matter jurisdiction.* The trial court also ordered that the Clerk release defendant's funds. Plaintiff gave oral notice of appeal in open court.

On 27 April 1988, this Court allowed plaintiff's petition for a temporary stay of the trial court's order releasing the funds.

On 28 April 1988 the trial court on its own motion (1) set aside the order dismissing plaintiff's case and (2) granted plaintiff a new trial. The Clerk of Superior Court was ordered to stop payment on the check releasing defendant's funds. On 3 May 1988, this Court dissolved the temporary stay which had been entered on 27 April 1988. On 5 May 1988, defendant filed notice of appeal of the trial court's order of 28 April 1988 which had granted plaintiff a new trial.

Emphasis added.

After determining the trial court erred as a matter of procedure, we reversed the trial court's unilateral decision to grant a new trial, but gave the plaintiff the opportunity to move for a new trial. The plaintiff did so, and the trial court denied the motion, thus in effect affirming its original dismissal for lack of subject matter jurisdiction and lack of personal jurisdiction.

---

The issues are (I) whether the trial court possessed subject matter jurisdiction over this dispute; and (II) whether the trial court gained personal jurisdiction over the defendant.

I

[1] The plaintiff argues the trial court erred in dismissing the action for lack of subject matter jurisdiction and in not remedying this error pursuant to N.C.G.S. § 1A-1, Rule 59(8) (1983). We agree. All civil matters of a justiciable nature in which the amount in controversy exceeds $10,000.00, and not otherwise delegated to

the district courts, are properly brought before the superior courts. N.C.G.S. §§ 7A-240 and 243 (1989). A contract action on an alleged $20,000.00 debt qualifies. Furthermore, the fact that neither party resides in North Carolina is irrelevant to determining subject matter jurisdiction. In *Harris v. Pembaur*, 84 N.C. App. 666, 353 S.E.2d 673 (1987), the Court of Appeals found subject matter jurisdiction in a case where neither party was a resident of North Carolina, and the controversy arose out of an agreement for sale of a horse outside of North Carolina. In the case at hand we also have only out-of-state parties, and the plaintiff presented no evidence that the alleged loan agreement arose in North Carolina. According to *Pembaur*, subject matter jurisdiction is not precluded by non-citizenship of the parties. *Id.*, at 667-68, 353 S.E.2d at 675; *see also Miller v. Black*, 47 N.C. 342 (1855) (action may be maintained in North Carolina even though both parties are citizens of other states).

II

[2] The plaintiff also argues the trial court erred in dismissing the action for lack of personal jurisdiction. The defendant did not raise this issue in his answer or in a Rule 12(b)(2) motion. Since the defendant appeared at trial, through counsel, without raising the issue, it is waived. *Simms v. Mason's Stores, Inc.*, 285 N.C. 145, 203 S.E.2d 769 (1974). Even if the defendant had not waived the issue, the record shows he was personally served with summons and complaint in a hotel in Winston-Salem, North Carolina. The North Carolina Supreme Court has unequivocally held that personal service of process within North Carolina confers personal jurisdiction over a nonresident party. *Lockert v. Breedlove*, 321 N.C. 66, 361 S.E.2d 581 (1987). The United States Supreme Court has recently confirmed the constitutionality of this approach. *Burnham v. Superior Court of California*, --- U.S. ---, 110 S.Ct. 2105 (1990).

The plaintiff's third assignment of error is immaterial since the trial court only addressed the issues of subject matter jurisdiction and personal jurisdiction in its 26 April 1988 order. Any other issues discussed in its order denying a new trial based on errors during trial are not properly before this court on appeal. Thus, since the trial court erred in dismissing this action for lack of subject matter jurisdiction and personal jurisdiction, we must reverse and remand for a new trial.

Reversed and remanded.

Judges WELLS and EAGLES concur.