STATE OF NORTH CAROLINA EX REL. LACY H. THORNBURG, ATTORNEY GENERAL, PLAINTIFF v. LOT AND BUILDINGS AT 800 WAUGHTOWN ST., TAX BLOCK 741, LOT 101A, WINSTON-SALEM, N.C., BEING PROPERTY DESCRIBED IN DEED BOOK 1504, PAGE 1059, FORSYTH COUNTY REGISTRY, DEEDED TO EDWARD FRED BOWMAN; PLUS U.S. CURRENCY IN THE AMOUNT OF $37,132.05; ONE (1) 1988 CHEVROLET PICK-UP TRUCK, VEHICLE IDENTIFICATION NUMBER 1GCDC14K4JE108426; AND SEVERAL GAMBLING DEVICES, INCLUDING TWO (2) ELECTRONIC POKER MACHINES AND ASSORTED LOTTERY TICKETS, GAMBLING STAMPS, BETTING SHEETS, AND ASSOCIATED ITEMS, DEFENDANTS

No. 9121SC742

(Filed 6 October 1992)

**1. Penalties § 1 (NCI3d)— RICO forfeiture proceeding — jurisdiction of superior court**

The superior court had jurisdiction over a RICO forfeiture proceeding even though it did not have jurisdiction over the underlying crimes (misdemeanor gambling charges) which were the basis of the violation of the RICO Act, since the civil forfeiture dispute at the trial level was a "justiciable" matter over which both district and superior courts had jurisdiction. N.C.G.S. § 7A-240.

**Am Jur 2d, Extortion, Blackmail, and Threats § 251.**

**2. Gambling § 3 (NCI4th); Penalties § 1 (NCI3d)— misdemeanor gambling offenses — predicate acts of racketeering activity sufficient for RICO forfeiture proceeding**

The trial court did not err in finding that defendant's misdemeanor gambling convictions constituted predicate acts of racketeering activity sufficient to subject his property to forfeiture under the RICO Act, since the alternative definition of racketeering activity found in N.C.G.S. § 75D-3(c)(2), which incorporates by reference offenses listed in Title 18 of the U. S. Code § 1961(1), lists "any act or threat involving . . . gambling . . . which is chargeable under State law and punishable by imprisonment for more than one year"; defendant was convicted of gambling in houses of public entertain-

STATE EX REL. THORNBURG v. LOT AND BUILDINGS

[107 N.C. App. 559 (1992)]

ment, operating or possessing gambling devices, and selling or possessing numbers tickets, all in violation of North Carolina statutes; and each of the gambling offenses was chargeable as a general misdemeanor punishable by up to two years imprisonment.

**Am Jur 2d, Extortion, Blackmail, and Threats §§ 244, 245.**

**Gambling §§ 31 et seq.**

**Civil action for damages under state Racketeer Influenced and Corrupt Organization Acts (RICO) for losses from racketeering activity. 62 ALR4th 654.**

**3. Penalties § 1 (NCI3d) — RICO forfeiture proceeding — criminal conduct on property for which forfeiture sought**

The evidence was sufficient to support a forfeiture of defendant's property in a proceeding under the RICO Act where the evidence revealed that each incident of criminal conduct took place on the real property for which forfeiture was sought.

**Am Jur 2d, Extortion, Blackmail, and Threats § 176.**

**Civil Action for damages under state Racketeer Influenced and Corrupt Organizations Acts (RICO) for losses from racketeering activity. 62 ALR4th 654.**

**4. Penalties § 1 (NCI3d) — gambling convictions — pattern of racketeering activity — sufficiency of evidence**

There was no merit to defendant's contention that, even if his property was used in the course of racketeering activity, his convictions did not amount to a "pattern of racketeering activity" so as to warrant forfeiture under N.C.G.S. § 75D-5(a), since defendant engaged in at least two incidents of racketeering activity which had the same or similar purposes and methods of commission; these incidents were not isolated or unrelated; they occurred after October 1, 1986; and at least one incident occurred within a four-year period of the other.

**Am Jur 2d, Extortion, Blackmail, and Threats § 246.**

**Civil action for damages under state Racketeer Influenced and Corrupt Organizations Acts (RICO) for losses from racketeering activity. 62 ALR4th 654.**

STATE ex rel. THORNBURG v. LOT AND BUILDINGS

[107 N.C. App. 559 (1992)]

APPEAL by defendant Edward Bowman from judgment entered 14 March 1991 in FORSYTH County Superior Court by *Judge James A. Beaty, Jr.* Heard in the Court of Appeals 25 August 1992.

Plaintiff, State of North Carolina, ex rel. Lacy H. Thornburg, Attorney General, instituted a Racketeer Influenced and Corrupt Organizations (RICO) forfeiture proceeding pursuant to Chapter 75D of the North Carolina General Statutes, seeking forfeiture of certain real and personal property in which defendant Edward Bowman claimed an interest. Defendant filed a motion to dismiss the State's action, asserting that the superior court lacked subject matter jurisdiction to adjudicate the case and that the complaint failed to state a claim upon which relief could be granted under Rule 12(b) of the Rules of Civil Procedure. The motion was subsequently denied.

We note at the outset that the dispositive facts in this case are uncontroverted. Prior to this action, defendant Bowman entered guilty pleas to several misdemeanor gambling charges in Forsyth County District Court. That court accepted the pleas and entered judgment against the defendant. None of the convictions were appealed. Based on these misdemeanor convictions, the State, in a separate civil proceeding, filed a motion for partial summary judgment for forfeiture of certain of defendant's real and personal property. The trial court granted the State's motion and entered a final order of forfeiture and disposition in accordance therewith. The State voluntarily dismissed the remaining personal property claims. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Robert K. Leonard for defendant-appellant.*

WELLS, Judge.

Defendant submits four assignments of error for our review. Defendant first assigns as error the trial court's determination that it had subject matter jurisdiction over the case. Defendant's second and third assignments of error may be consolidated into one argument. Defendant contends that North Carolina's RICO forfeiture statute should not apply to him because the gambling charges for which he was convicted do not amount to "racketeering activity" or a "pattern of racketeering activity" as defined therein.

Defendant argues that without any proof of racketeering activity, the State failed to establish a fundamental and indispensable element of its claim for North Carolina RICO forfeiture. Therefore, defendant contends the trial court erred in refusing to grant defendant's Rule 12(b)(6) motion and in granting partial summary judgment for the State. Finally, defendant argues that the final order of forfeiture and disposition violates the Constitutions of the United States and the State of North Carolina because (1) the RICO statute is unconstitutionally vague, (2) its severe provisions are unreasonable and arbitrary, and (3) it imposes the penalty of forfeiture in violation of due process. Because defendant failed to preserve this issue for review, the question of the North Carolina RICO Act's constitutionality is not properly before this Court.

[1]  Defendant contends that the superior court lacked subject matter jurisdiction because the gambling offenses, which allegedly served as predicate acts of racketeering activity subjecting defendant's property to forfeiture, were misdemeanors within the original jurisdiction of the district court. Under North Carolina law, gambling offenses are general misdemeanors subject to the exclusive original jurisdiction of the district court. See N.C. Gen. Stat. § 7A-272. Defendant, however, has overlooked the crucial distinction between instituting a forfeiture action for violation of the RICO Act itself and prosecuting the underlying crime that is the basis of the violation.

RICO forfeiture is a statutory cause of action, requiring an examination of legislative intent to interpret its enforcement procedure. The RICO statute was enacted in 1986 to remedy the problem of increasing organized crime. While the statute's primary purpose is to deter unlawful activity, it does not impose criminal penalties to accomplish its goals. Instead, North Carolina RICO is designed to prevent the unjust enrichment of criminal elements by the imposition of civil equitable sanctions requiring the forfeiture of certain assets used or acquired through a pattern of organized unlawful activity. See N.C. Gen. Stat. § 75D-2. The Act specifies that violation of RICO itself "constitutes a civil offense only and is not a crime." N.C. Gen. Stat. § 75D-4(b).

Generally, RICO prohibits persons from engaging in "a pattern of racketeering activity" and requires forfeiture of any property used in such activity. N.C. Gen. Stat. §§ 75D-4,-5. The statute sets forth various underlying crimes or so-called predicate acts which

may constitute racketeering activity. The State may institute criminal prosecution proceedings against individuals who engage in these predicate acts in violation of criminal law. If the State, however, is seeking recovery of certain assets derived from or used in the course of that unlawful activity, it must bring a separate civil forfeiture action under RICO. N.C. Gen. Stat. § 75D-5(a). Here, the State brought a civil forfeiture action, not a criminal prosecution. Therefore, the question of whether the superior court had original jurisdiction over defendant's misdemeanor gambling charges is irrelevant.

The question remains whether the trial court had jurisdiction to adjudicate the State's civil forfeiture claim. Subject matter jurisdiction over civil cases is statutorily conferred on the superior court under N.C. Gen. Stat. § 7A-240. This section vests "original general jurisdiction of all justiciable matters of a civil nature" concurrently in the superior court division and the district court division of the General Court of Justice. Unless jurisdiction is specifically placed elsewhere, both trial courts have subject matter jurisdiction over all "justiciable" civil claims. *Harris v. Pembaur*, 84 N.C. App. 666, 353 S.E.2d 673 (1987). The civil forfeiture dispute at the trial level was a "justiciable" matter. Therefore, the superior court's determination that it had subject matter jurisdiction was proper.

[2] Next, defendant contends the trial court erred in finding that the misdemeanor gambling convictions constituted predicate acts of racketeering activity sufficient to subject defendant's property to forfeiture under the Act. Defendant relies upon N.C. Gen. Stat. § 75D-3(c)(1) which defines "racketeering activity" as "acts which would be chargeable by indictment." Under North Carolina law, indictments are criminal pleadings necessary to instigate felony charges, not misdemeanor charges. *See* Article. I, Section 22, Constitution of the State of North Carolina; N.C. Gen. Stat. §§ 15A-627, 7A-271. Defendant reasons that his gambling convictions are not indictable offenses because they are misdemeanors and therefore do not fall under the purview of the RICO forfeiture statute. Section 75D-3(c)(1) does exclude misdemeanors as predicate acts; however, defendant completely ignores the alternative definition of "racketeering activity" found in N.C. Gen. Stat. § 75D-3(c)(2). This section incorporates by reference offenses listed in Title 18 of the United States Code, § 1961(1), as prohibited racketeering activity. Included in this federal definition is the following:

(A) any act or threat involving murder, kidnaping, *gambling*, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in narcotic, or other dangerous drugs, which is chargeable under State law *and punishable by imprisonment for more than one year.* . . .

18 U.S.C. § 1961(1) (Emphasis added.)

The trial court found and the record reveals that defendant was convicted of two counts of gambling in houses of public entertainment in violation of N.C. Gen. Stat. § 14-293; two counts of operating or possessing gambling devices in violation of N.C. Gen. Stat. § 14-302; and one count of selling or possessing numbers tickets in violation of N.C. Gen. Stat. § 14-291.1. Each of these gambling offenses is chargeable as a general misdemeanor punishable by up to two years imprisonment, thereby satisfying the federal criteria for racketeering activity under U.S.C. § 1961(1). *See* N.C. Gen. Stat. § 14-3(a). Therefore, we find that the gambling offenses constitute "racketeering activity" under the alternate definition established in N.C. Gen. Stat. § 75D-3(c)(2).

[3] Having determined that gambling is "racketeering activity" under the North Carolina RICO Act, the question becomes whether there is sufficient evidence to support a forfeiture of defendant's property. Under the RICO Act:

All property of every kind used or intended for use in the course of, derived from, or realized through a racketeering activity or pattern of racketeering activity is subject to forfeiture to the State.

N.C. Gen. Stat. § 75D-5(a).

The State's forecast of evidence revealed that each incident of criminal conduct took place on the real property for which forfeiture was sought. Also included in the State's evidence were affidavits of law enforcement officers showing without question that such property was used to further defendant's criminal activity. We note that at the hearing before the trial court, the defendant made no effort to rebut or contest the State's evidence on this issue. We agree with the trial court's finding that there was ample evidence to show that defendant's property was used in the course of a racketeering activity as required by the Act.

[4] Defendant contends alternatively that even if his property was used in the course of racketeering activity, the convictions do not amount to a "pattern of racketeering activity" so as to warrant forfeiture under N.C. Gen. Stat. § 75D-5(a). For clarification, we note that, by its terms, North Carolina RICO compels forfeiture for proof of either "racketeering activity" or a "pattern of racketeering activity." N.C. Gen. Stat. § 75D-5(a). The General Assembly, however, did not intend for the RICO statute to apply to isolated or unrelated episodes of unlawful activity. Instead, the General Assembly wanted to target only those engaging in "an interrelated pattern of organized unlawful activity." N.C. Gen. Stat. § 75D-2(c). We must therefore determine whether a pattern of racketeering activity existed as contemplated by the RICO statute. The Act defines a "pattern of racketeering activity" as:

> engaging in at least two incidents of racketeering activity that have the same or similar purposes, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated and unrelated incidents, provided at least one of such incidents occurred after October 1, 1986, and that at least one other of such incidents occurred within a four-year period of time of the other, excluding any periods of imprisonment, after the commission of a prior incident of racketeering activity.

N.C. Gen. Stat. § 75D-3(b).

The trial court found and we agree that the defendant engaged in at least two incidents of racketeering activity that had the same or similar purposes and methods of commission; that these incidents were not isolated or unrelated; that they occurred after October 1, 1986; and that at least one incident occurred within a four-year period of the other. Thus, two of defendant's gambling convictions alone would constitute a "pattern of racketeering activity" under this Act. Since the evidence adduced at trial clearly shows that defendant engaged in a pattern of racketeering activity and that certain of his property was used in furtherance of such unlawful activity, the defendant's property is subject to forfeiture in accordance with the Act. Therefore, we find no error and affirm the trial court's order of forfeiture and disposition.

Finally, although no constitutional question was preserved for review, we are constrained to express our concern that in enacting N.C. Gen. Stat. § 75D-3(c)(2), the General Assembly may have

unlawfully delegated its power to *make laws* to the Congress of the United States.

Affirmed.

Judges ORR and GREENE concur.