E. ANTHONY MUSARRA, II, M.D.P.C., Plaintiff v. DAVID E. BOCK, Defendant .

No. COA09-249

(Filed 3 November 2009)

**1. Appeal and Error— preservation of issues—failure to argue personal jurisdiction**

The superior court did not err in a case involving default on promissory notes by concluding it had personal jurisdiction over defendant where defendant failed to raise the defense in his answer.

**2. Guaranty— promissory notes—subject matter jurisdiction**

The superior court did not err in a case involving default on promissory notes by concluding that it had subject matter jurisdiction because the promissory notes were guaranteed by defendant in order to secure funds for the development of real estate in North Carolina, the notes were each in excess of $10,000, and plaintiff's action is a civil matter for the collection of a debt that is not otherwise delegated to the district court division.

**3. Appeal and Error— preservation of issues—failure to object—waiver**

Defendant failed to preserve his statute of limitations argument for appeal in a case involving default on promissory notes because defendant did not challenge the superior court's conclusion of law that defendant was barred from asserting the statute of limitations defense and, even if defendant had preserved the argument for appeal, defendant waived all statutes of limitations defenses in the guarantees.

Appeal by defendant from judgment entered 3 October 2009 by Judge C. Philip Ginn in Macon County Superior Court. Heard in the Court of Appeals 16 September 2009.

*Jones, Key, Melvin & Patton, P.A. by Fred H. Jones, for plaintiff-appellee.*

*Creighton W. Sossomon, for defendant-appellant.*

STEELMAN, Judge.

The misspelling of defendant's name on the summons implicated personal jurisdiction issues which defendant waived by not raising

them in his answer. The Superior Court of Macon County had subject matter jurisdiction over the case since actions for the collection of a debt greater than $10,000.00 fall under the original jurisdiction of the superior court pursuant to N.C. Gen. Stat. §§ 7A-240 and 243 (2007). Defendant failed to preserve his statute of limitations argument on appeal.

## I.  Factual and Procedural Background

Bock Homes, Inc. executed an undated promissory note to E. Anthony Musarra II, M.D.P.C. (plaintiff) in the principal amount of twenty-five thousand dollars ($25,000.00). On 28 April 1994, David E. Bock (defendant) executed a personal guaranty of the twenty-five thousand dollar note. Bock Homes, Inc. executed a second promissory note, dated 1 May 1995 to plaintiff in the original principal amount of twenty-five thousand dollars ($25,000.00). On 1 May 1995, defendant executed a personal guaranty of the second note.

On 24 April 2006, plaintiff filed a complaint in this action seeking the balance due on the notes, together with interest and attorney's fees. On 3 December 2007, defendant filed an answer to the complaint, asserting the affirmative defenses of the statute of limitations and lack of subject matter jurisdiction. This matter was heard by Judge Ginn, sitting without a jury. In a judgment dated 19 September 2008, the trial court ordered that plaintiff have and recover of defendant the sum of $89,043.00 together with attorney's fees in the amount of $13, 356.45. Defendant appeals.

## II.  Standard of Review

"This Court's review of a trial court's conclusions of law is limited to whether they are supported by the findings of fact." *In re J.L.*, 183 N.C. App. 126, 130, 643 S.E.2d 604, 606 (2007) (citation omitted); *see also Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163, *writ of supersedeas and disc. review denied*, 354 N.C. 365, 556 S.E.2d 577 (2001). Since Bock does not challenge any of the trial court's findings of fact, we review this matter only to determine if those findings of fact support the trial court's legal conclusions. *Lumsden v. Lawing*, 107 N.C. App. 493, 499, 421 S.E.2d 594, 598 (1992).

## III.  Personal Jurisdiction

[1] In his first argument, defendant contends that the superior court did not have personal jurisdiction over Bock because he was not properly named in the summons. We disagree.

Defendant's argument is predicated on the misspelling of his name on the face of the summons. Insufficiency of process is a defense that implicates personal jurisdiction and can be waived. *In re J.T. (I), J.T. (II), A.J.*, 363 N.C. 1, 4, 672 S.E.2d 17, 19 (2009); *see also In re K.J.L.*, 363 N.C. 343, 348, 677 S.E.2d 835, 838 (2009) (lack of a required signature on summons implicated personal jurisdiction though the defect was waived where defendants appeared generally). "Objections to a court's exercise of personal (in personam) jurisdiction . . . must be raised by the parties themselves and can be waived in a number of ways." *In re J.T. (I)*, 363 N.C. at 4, 672 S.E.2d at 18 (citing N.C. Gen. Stat. § 1A-1, Rule 12(h)(1)). Rule 12(h)(1) of the North Carolina Rules of Civil Procedure provides:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or amendment thereof permitted by Rule 15(a) to be made as a matter of course.

N.C. Gen. Stat. § 1A-1, Rule 12(h)(1) (2007). Defendant failed to raise the defense of lack of personal jurisdiction in his answer and cannot raise this issue for the first time on appeal. *Id.*; *see also Shores v. Shores*, 91 N.C. App. 435, 436, 371 S.E.2d 747, 748 (1988) (A defendant waives his right to contest personal jurisdiction where he raises the defense for the first time on appeal). This argument is dismissed.

## IV. Subject Matter Jurisdiction

[2] In his second argument, defendant contends that the trial court did not have subject matter jurisdiction over the case. We disagree.

Defendant argues that this case involves a "note and guaranty prepared, executed, delivered, and to be performed in Georgia, between two parties, [who] both, at execution and now, [reside] in Georgia." Defendant further argues that "[i]f Plaintiff has not properly brought the action according to the laws of the contracting state, North Carolina does not have subject matter jurisdiction." According to defendant the applicable Georgia statute reads: "When the fact of suretyship appears on the face of the contract, the creditor shall sue out process against the surety and enter up judgment against him as such." Ga. Code Ann. § 10-7-28 (2007).

To support his argument defendant cites three North Carolina cases: *Land Co. v. Wood*, 40 N.C. App. 133, 252 S.E.2d 546 (1979);

*Bank v. Appleyard*, 238 N.C. 145, 77 S.E.2d 783 (1953); and *Hatcher v. McMorine*, 15 N.C. 122 (1883). These cases do not support defendant's argument, but support only the principles of *lex loci* and *lex fori*. Under *lex loci* and *lex fori* contract disputes are governed by the substantive law of the jurisdiction in which the contract was formed and the procedural rules of the jurisdiction trying them. *Land*, 40 N.C. App. at 136-37, 252 S.E.2d at 550. These cases deal only with choice of law analysis and have no bearing on the subject matter jurisdiction of the North Carolina courts. We note that defendant makes no argument concerning jurisdiction based upon an absence of minimum contacts on appeal.

Subject matter jurisdiction is the power to hear and determine cases of the general class to which the action in question belongs. *Cooke v. Faulkner*, 137 N.C. App. 755, 757-58, 529 S.E.2d 512, 514 (2000). "Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). In *Schall v. Jennings*, this Court determined that the Superior Court of Forsyth Country had subject matter jurisdiction over a dispute regarding the repayment of a loan even where there were "only out-of-state parties, and the plaintiff presented no evidence that the alleged loan agreement arose in North Carolina." 99 N.C. App. 343, 346, 393 S.E.2d 130, 132 (1990). The court, citing N.C. Gen. Stat. §§ 7A-240 and 243 (1989), held that civil cases in which the amount in controversy exceeds $10,000.00 and are not otherwise delegated to the district courts are properly brought before the superior courts. *Id.* at 345-46, 393 S.E.2d at 132; *see also Harris*, 84 N.C. App. at 668, 353 S.E.2d at 675 (subject matter jurisdiction over a contract dispute regarding the sale of a horse taking place entirely outside the State of North Carolina is not precluded by non-citizenship of the parties).

The promissory notes were guaranteed by defendant in order to secure funds for the development of real estate in North Carolina. The notes were each in excess of $10,000.00. Plaintiff's action is a civil matter for the collection of a debt that is not otherwise delegated to the district court division. Under the rationale of *Schall*, the Superior Court of Macon County had jurisdiction to hear and decide this case. This argument is without merit.

## V. Application of the Statute of Limitations

[3] In his third argument, defendant contends that "North Carolina lacks subject matter jurisdiction if the action is barred by the applicable statute of limitations of the contracting state." We disagree.

MUSARRA v. BOCK

[200 N.C. App. 780 (2009)]

At the outset, we note that defendant has not challenged the superior court's conclusion of law that defendant was barred from asserting a defense under the statue of limitations. Defendant now attempts to create an issue on appeal by presenting a statute of limitations argument under the guise of his assignment of error questioning subject matter jurisdiction. Defendant has not cited any case law to support the presentation of an issue that was not assigned as error through a back door route.

Even assuming *arguendo* that defendant preserved this argument for appeal, defendant waived all defenses based on the statute of limitations in the guarantees. "Guarantors [sic] waive the benefit or right to assert any statute of limitations affecting Guarantors' [sic] liability hereunder or the enforcement thereof to the extent permitted by law." An explicit waiver of the statute of limitations is effective under the laws of both North Carolina and Georgia. *See Franklin v. Franks*, 205 N.C. 96, 97-98, 170 S.E. 113, 114 (1933) ("The general rule is that a party may either by agreement or conduct estop himself from pleading the statute of limitations as a defense to an obligation." (citation omitted)); *Livaditis v. Am. Cas. Co.*, 160 S.E.2d 449, 452 (Ga. App. 1968) (statutory periods of limitations may be waived by contract); *see also Gore v. Myrtle/Mueller*, 362 N.C. 27, 45, 653 S.E.2d 400, 411-12 (2007) (Parker, C.J., concurring in part/dissenting in part) (quoting *Franklin*). This argument is dismissed.

## VI. Conclusion

Defendant waived the defense of lack of personal jurisdiction when he failed to raise it in accordance with North Carolina Rule of Civil Procedure 12(h)(1). The superior court had subject matter jurisdiction over the case since it was a dispute over the payment of a debt, the amount of which was greater than $10,000.00. Finally, defendant's claims regarding the application of the statute of limitations were not preserved for appellate review.

AFFIRMED.

Judges McGEE and JACKSON concur.