HUNTER, JR., Robert N., Judge.
Respondent R.Z.[1] , an incompetent adult, appeals an order concurring in her voluntary admission to a twenty-four hour psychiatric facility and ordering she remain admitted for further inpatient treatment for 90 days. Respondent contends the trial court lacked subject matter jurisdiction to enter its order, because it never received her written and signed application for voluntary admission to the facility as statutorily required to initiate the post-admission review hearing from which its order arose. After review, we vacate the trial court's order.
I. Factual and Procedural History
On 19 April 2016, the Buncombe County Department of Health and Human Services ("DHHS") received an Adult Protective Services ("APS") report concerning Respondent. The APS report alleged Respondent was being held at a detention facility after being charged with possessing an open container of an alcoholic beverage and being intoxicated and disruptive. The APS report claimed Respondent was "delusional with paranoia" and believed people were following her and stealing her identity. Respondent refused mental health and medical assistance. The APS report stated Respondent did not have a safe place to stay following her release from jail. APS assigned Respondent's case to a social worker. During interviews with the social worker, Respondent continued to insist someone had stolen her identity, as well as money from her bank account. Respondent acknowledged being diagnosed with anxiety disorder and post-traumatic stress disorder, but denied needing mental health treatment. Respondent was homeless and refused to stay at a homeless shelter due to her concerns about identity theft. APS transferred Respondent's case to a second social worker who concluded Respondent lacked capacity. Accordingly, on 2 June 2016, DHHS filed a petition for adjudication of incompetence.
On 20 July 2016, the trial court held a hearing. At the hearing, DHHS declined to seek an adjudication of incompetence and instead sought appointment of an interim guardian. Following the hearing, the trial court entered an order concluding there were reasonable grounds to believe Respondent was incompetent and appointing Hope for the Future as Respondent's interim guardian.
On 30 September 2016, Hope for the Future filed a petition and affidavit requesting involuntary commitment of Respondent after Respondent made bomb threats at a homeless shelter. On that same day, a magistrate found Respondent was mentally ill and dangerous to others. The magistrate ordered Respondent be taken into custody. After Respondent was taken into custody, she was examined by a psychologist. The psychologist recommended inpatient commitment for a period of 15-30 days. On 12 October 2016, the trial court found Respondent was "Incompetent and/or Parent/Guardian has consented to treatment and the appropriate paperwork is completed to change the legal status to 'Voluntary Minor and Incompetent Adults[.]' " The trial court dismissed the involuntary commitment proceeding.
On 13 October 2016, the trial court held a hearing to determine whether Respondent should be admitted to Mission Hospital Copestone ("Copestone") as an incompetent adult. At the conclusion of the hearing, the trial court determined Respondent was "incompetent" and concurred in her admission to the hospital for a period of 90 days. The trial court conducted another hearing on 18 October 2016, where the trial court determined Respondent was "incompetent and in need of a guardian." On 19 October 2017, the trial court entered an order adjudicating Respondent incompetent and appointing Hope for the Future as her guardian. On 26 October 2016, Respondent gave notice of appeal from the 13 October 2016 order.
II. Standard of Review
"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).
III. Analysis
Respondent argues the trial court lacked jurisdiction to concur in her voluntary admission because it never received a written and signed application for her voluntary admission to Copestone as required by N.C. Gen. Stat. § 122C-232 (2015). We agree.
"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." Harris v. Pembaur , 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). A judgment entered by a court without subject matter jurisdiction is void ab initio . In re T.R.P. , 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006).
Article 5 of Chapter 122C of the North Carolina General Statutes outlines the procedures governing the admittance or commitment of persons into inpatient psychiatric facilities. " N.C. Gen. Stat. § 122C-232 (2015) empowers a district court to review an incompetent adult's voluntary admission into an inpatient psychiatric facility and order he or she remain admitted for further inpatient treatment." Matter of Wolfe , --- N.C. App. ----, ----, 803 S.E.2d 649, 653 (2017). N.C. Gen. Stat. § 122C-211(a) (2015) provides, in pertinent part, for a competent adult to seek voluntary admission to such a facility, "a written application for evaluation or admission, signed by the individual seeking admission, is required." In cases where the adult seeking voluntary admission is incompetent, "the written application must be completed and signed by his or her guardian." Wolfe , --- N.C. App. at ----, 803 S.E.2d at 653 (citing N.C. Gen. Stat. § 122C-231 ).
In Wolfe , this Court stated "a district court's N.C. Gen. Stat. § 122C-232 jurisdiction to concur in an incompetent adult's voluntary admission and order that he or she remain admitted for further inpatient treatment does not vest absent the statutorily required written application for voluntary admission signed by the incompetent adult's legal guardian ." Id . at ----, 803 S.E.2d at 653 (emphasis added). Because the appellate record in Wolfe did not contain a written application for Wolfe's voluntary admission, this Court concluded the district court lacked subject matter jurisdiction to concur in his voluntary admission to inpatient psychiatric care, and vacated the voluntary admission order. Id . at ----, 803 S.E.2d at 653-54.
The instant case is indistinguishable from Wolfe . Here, the district court entered an order concurring in R.Z.'s voluntary admission to Copestone and ordered she remain admitted for 90 days. However, as in Wolfe , no written application for R.Z.'s voluntary admission is contained in the record. Thus, the district court lacked subject matter jurisdiction to concur in her voluntary admission to Copestone and order she remain for treatment. Accordingly, we vacate the district court's order. Because of this determination, we need not reach R.Z.'s remaining argument on appeal.
VACATED.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.

A pseudonym is used to protect respondent's confidentiality.