BERGER, Judge.
Phillip Walz ("Plaintiff") filed an amended complaint seeking custody of his two minor children, amongst other requests, on October 13, 2016. A Custody Order was filed September 21, 2017 granting Plaintiff sole legal custody of the minor children, and joint physical custody with Aleece J. Walz ("Defendant"). On appeal from the Custody Order, Defendant contends that the trial court lacked subject matter jurisdiction to conduct the child-custody proceeding, make an initial child custody determination, and exercise emergency jurisdiction. Defendant further argues that the trial court abused its discretion in placing the minor children with Plaintiff. We address each argument below.
Factual and Procedural Background
Plaintiff and Defendant were married on October 7, 1994. Three children were born of the marriage, and two continue to be minor children and the subjects of this action. The parties separated in April 2015, and entered into a Separation Agreement in May 2015. Primary physical custody of the children was placed with Defendant pursuant to the terms of the Separation Agreement, and Plaintiff had visitation. Defendant moved to Arizona with the parties' three children in June or July of 2015.
On April 20, 2016, Plaintiff filed a complaint in Carteret County District Court. Plaintiff sought to set aside the Separation Agreement and have the trial court award him custody of the minor children, among other things. In seeking to set aside the Separation Agreement, Plaintiff asserted claims for fraud in the inducement, constructive fraud, duress, overreaching, and unconscionability. Plaintiff subsequently amended his complaint to include a claim for absolute divorce. Defendant filed motions to dismiss both the initial complaint and amended complaint.
On June 16, 2016, after Plaintiff filed his action in North Carolina, Defendant filed a Petition for Dissolution of a Non-covenant Marriage with Minor Children ("Petition for Dissolution") in Maricopa County Superior Court of Arizona ("Maricopa County Court"). Defendant argued in that action that Arizona, not North Carolina, had subject matter jurisdiction to adjudicate their claims, including child custody. After several motions were filed by both parties, the Maricopa County Court dismissed Defendant's Petition for Dissolution with prejudice in an Order of Dismissal. The Maricopa County Court found that
the parties entered into a separate agreement in North Carolina on May 1, 2015. The agreement provides that North Carolina will have jurisdiction over the matters contained in the agreement. [Defendant] in her response indicates she believed the agreement was a binding agreement of the parties.
On July 11, 2017, the parties' Separation Agreement was set aside in Carteret County District Court. Defendant filed an amended answer and counterclaims in which she asserted claims for post separation support, alimony, equitable distribution, absolute divorce, a temporary restraining order, child support, child custody, and punitive damages.
Following a hearing, the trial court entered a Custody Order on September 21, 2017 that awarded custody of the minor children to Plaintiff and established a visitation schedule for Defendant. Defendant appeals from this Custody Order.
Defendant argues that the trial court (1) erred when it conducted the custody hearing prior to hearing Defendant's motion to dismiss for lack of subject matter jurisdiction, (2) lacked subject matter jurisdiction to make a child custody determination, (3) erred when it exercised emergency jurisdiction, (4) made findings of fact not supported by the evidence, and (5) abused its discretion by awarding custody to Plaintiff. Because we conclude the trial court lacked subject matter jurisdiction and emergency jurisdiction to enter the child custody order, we need not address Defendant's other arguments. See In re N.R.M ., T.F.M. , 165 N.C. App. 294, 301, 598 S.E.2d 147, 151 (2004).
Standard of Review
"Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur , 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). The question of "[w]hether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." McKoy v. McKoy , 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted). "Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel." Foley v. Foley , 156 N.C. App. 409, 411, 576 S.E.2d 383, 385 (2003) (citation omitted).
Analysis
Defendant contends that the trial court lacked subject matter jurisdiction and emergency jurisdiction to enter the Custody Order pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and Parental Kidnapping Prevention Act ("PKPA"). We agree.
Subject matter jurisdiction is the threshold requirement for a court to hear and adjudicate a controversy. In re K.U.-S.G., D.L.L.G., & P.T.D.G. , 208 N.C. App. 128, 131, 702 S.E.2d 103, 105 (2010).
The UCCJEA is a jurisdictional statute, and the jurisdictional requirements of the UCCJEA must be met for a court to have power to adjudicate child custody disputes. The PKPA is a federal statute also governing jurisdiction over child custody actions and is designed to bring uniformity to the application of the UCCJEA among the states. Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel.
Foley , 156 N.C. App. at 411, 576 S.E.2d at 385 (citations omitted).
"The first provision of the UCCJEA, N.C. Gen. Stat. § 50A-201... addresses the jurisdictional requirements for initial child-custody determinations." In re J.W.S. , 194 N.C. App. 439, 446, 669 S.E.2d 850, 854 (2008). Section 50A-201(a) states
that a court of this State has jurisdiction to make an initial child-custody determination only if:
(1) This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this State but a parent or person acting as a parent continues to live in this State;
(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under G.S. 50A-207 or G.S. 50A-208, and:
a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and
b. Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;
(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under G.S. 50A-207 or G.S. 50A-208 ; or
(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).
N.C. Gen. Stat. § 50A-201(a) (2017).
A child's "home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding." N.C. Gen. Stat. § 50A-102(7) (2017). "Commencement" is defined as "the filing of the first pleading in a proceeding." N.C. Gen. Stat. § 50A-102(5).
Here, in open court at the custody hearing, the trial court made the following pertinent findings of fact regarding jurisdiction:
I guess the first hurdle that we need to address is jurisdiction under the UCCJEA. I think I actually have it under two prongs of that. One is I do think that there's harm being done to the two children. And I think that allows me to exercise my emergency jurisdiction. But more importantly than that, is I think I have regular jurisdiction. Because here's what we have. What we have here is children who are here for a very long time, up until nine months before the filing of this action. Normally, the nine months, I think, would fall into a position that could divest North Carolina jurisdiction. The problem is we have absolutely no credible evidence whatsoever of when the children arrived in Arizona. Therefore, there is no other home state other than North Carolina, and I find that North Carolina is the home state.
In its Custody Order, the trial court concluded as a matter of law:
1. The court has jurisdiction over the parties and subject matter.
2. The court has jurisdiction over the minor children because the Defendant has consented to said jurisdiction through her participation in this hearing.
3. All three children had lived in North Carolina for many years prior to the initiation of this lawsuit. The court has been presented no creditable evidence of the date the children arrived in Arizona. North Carolina is the "home state" of the minor children as that term is defined in the North Carolina General Statutes.
4. In addition to "home state" jurisdiction, the court finds that the children will be subjected to harm if they remain in the custody of the Defendant. Consequently, the court has emergency jurisdiction over the children as provided in the UCCJEA.
5. Entry of this order is in the best interest of the minor children and will promote their welfare.
Plaintiff's verified complaint specifically states that Defendant "has lived in Phoenix, Arizona since June 2015." Plaintiff also alleged in his verified complaint that the minor children had resided in Phoenix, Arizona since April 10, 2015. Plaintiff filed suit ten months later on April 20, 2016. Therefore, pursuant to Section 50A-201(a)(1), at time of filing suit, Arizona was the "home state" of the two minor children, not North Carolina.
Thus, for a North Carolina court to have jurisdiction over this action for custody of the minor children, Plaintiff must have satisfied one of the remaining provisions in Sections 50A-201(a).
Although the Maricopa County Court expressly declined to exercise jurisdiction, that court did not make its determination on the basis that North Carolina was the more appropriate forum. The Maricopa County Court simply found that the parties' separation agreement provided North Carolina would have jurisdiction. Therefore, the Maricopa County Court did not sufficiently decline jurisdiction to meet the requirements of Sections 50A-201 (a)(2) or (3). Additionally, Plaintiff cannot meet the requirements of Section 201(a)(4) because, as stated above, Arizona was admitted by both parties to be the home state for the minor children.
The trial court also erred in finding that it had emergency jurisdiction to enter the initial child custody determination. "A court of this State has temporary emergency jurisdiction if the child is present in this State and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." N.C. Gen. Stat. § 50A-204(a) (2017). No evidence in the record tends to show that the two minor children were present in North Carolina when the complaint was filed or when the case was heard. The parties' allegations and the record evidence reflect that they had been in Arizona at least since June or July 2015, and as early as April 2015 according to Plaintiff. Moreover, no evidence in the record suggests the children, a sibling, or parent was "subjected to or threatened with mistreatment or abuse." N.C. Gen. Stat. § 50A-204(a). While there was significant evidence presented to support the trial court's findings of fact regarding Defendant's efforts to interfere with Plaintiff's relationship with his children, those findings do not support a conclusion concerning mistreatment or abuse of the children, siblings, or parent. Therefore, the trial court lacked any basis to assert emergency jurisdiction to enter the Custody Order.
Conclusion
We conclude the trial court erred in finding that North Carolina was the "home state" of the two minor children and in exercising emergency jurisdiction, and the trial court lacked subject matter jurisdiction to make the initial child-custody determination. Accordingly, we vacate the Custody Order for lack of subject matter jurisdiction and dismiss Plaintiff's action for custody.
VACATED AND DISMISSED.
Report per Rule 30(e).
Judges TYSON and INMAN concur.