598 S.E.2d 147 (2004)
In the Matter of N.R.M., T.F.M., Minor Juveniles.
No. COA03-592.
Court of Appeals of North Carolina.
July 6, 2004.
Lea, Rhine & Associates, by Lori W. Rosbrugh, Wilmington, for petitioner-appellee.
Jeffrey Evan Noecker, Wilmington, for respondent-appellant.
McGEE, Judge.
N.R.M. and T.F.M. (the children) were born to B.M. (petitioner) and S.P. (respondent) on 5 December 1996 in Arkansas. From the time of the birth of the children until 31 July 2000, the children lived in Arkansas *148 with different persons. From birth until 20 November 1997, they lived with petitioner; from 20 November 1997 until 16 December 1999, the children lived with respondent; and from 20 December 1999 until 31 July 2000, the children lived with their paternal grandparents. Since 1 August 2000, they have lived in North Carolina with petitioner.
The Chancery Court of Garland County, Arkansas, entered a custody order pertaining to the children on 16 August 2000. The Arkansas court found it was in the best interest of the children to place them in the custody of petitioner. The order provided for reasonable, but restricted and supervised, visitation for respondent until respondent fulfilled conditions set forth in the order. The order stated that for respondent to be granted additional visitation, she had to provide proof that she had met the conditions set forth in the order. The order further provided that respondent had a duty to support the children.
Petitioner filed a petition on 21 March 2002 to terminate the parental rights of respondent to the children. Respondent received the petition by certified mail on 27 July 2002. Respondent filed a pro se response on 9 August 2002 and an amended response on 23 August 2002. The amended response included lack of personal jurisdiction and lack of subject matter jurisdiction as defenses. Respondent also filed a separate motion to dismiss for lack of personal jurisdiction on 23 August 2002. The trial court orally denied the motion on 5 September 2002 and then entered a written order denying the motion on 31 October 2002. In this order, the trial court specifically concluded that "North Carolina has jurisdiction over the subject matter and parties to this action." Respondent appeals the order denying her motion to dismiss for lack of personal jurisdiction.
The petition to terminate respondent's parental rights was filed in New Hanover County, North Carolina, nearly two years after the Arkansas order was entered. In his petition, petitioner asserted the following as grounds for termination:
a. The Petitioner was awarded custody of the minor children by judicial decree and the Respondent has for a period of one year or more preceding the filing of this Petition willfully failed without justification to pay for the care, support, and education of the minor children as required by the judicial decree.
b. The Respondent has wil[l]fully abandoned the minor children for at least six consecutive months immediately preceding the filing of this Petition.
In the 9 August 2002 response to the petition, respondent claimed that petitioner had kept the location of the children secret "for the past year and a half." However, petitioner disputes this allegation. In the response, respondent also denied that petitioner was a fit and proper parent to have custody of the children and denied that her rights should be terminated.
On 26 August 2002, subsequent to the filing in North Carolina of the petition to terminate respondent's parental rights, the Circuit Court of Garland County, Arkansas, entered an order whereby petitioner was ordered to return the children to Arkansas "for a three day period within the next thirty (30) days." The purpose of this order was to allow the Arkansas court to hold a hearing on visitation for respondent. However, this order resulted from a hearing that was held on 4 December 2000, approximately twenty months before the 26 August 2002 order was entered. There is no evidence in the record indicating that petitioner complied with the 26 August 2002 order of the Arkansas court.
Respondent argues that the trial court erred by ignoring precedent in denying respondent's motion to dismiss for lack of personal jurisdiction. However, before addressing the merits of respondent's argument, we review the issue of subject matter jurisdiction although not briefed by the parties. Our Court's authority to conduct such a review is summarized by In re McKinney, 158 N.C.App. 441, 581 S.E.2d 793 (2003), which provides that
[w]e recognize that a party's failure to brief a question on appeal ordinarily constitutes a waiver of the issue. See In re Faircloth, 153 N.C.App. 565, 581, 571 *149 S.E.2d 65, 75 (2002) (where respondent-father fails to argue certain issues on appeal from order terminating his parental rights, this Court holds "respondent has abandoned these issues on appeal" citing N.C.R.App. P. 10(a) and 28(a)). However, regardless of whether subject matter jurisdiction is raised by the parties, this Court "may review the record to determine if subject matter jurisdiction exists in this case." Foley v. Foley, 156 N.C.App. 409, 412, 576 S.E.2d 383, 385 (2003). "[A] court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motu when subject matter jurisdiction is lacking." Reece v. Forga, 138 N.C.App. 703, 704, 531 S.E.2d 881, 882, disc. review denied, 352 N.C. 676, 545 S.E.2d 428 (2000).
McKinney, 158 N.C.App. at 448, 581 S.E.2d at 797. See also Lemmerman v. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986) ("When the record clearly shows that subject matter jurisdiction is lacking, the Court will take notice and dismiss the action ex mero motu.").
The significance of subject matter jurisdiction has been recently addressed by this Court:
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it." Haker-Volkening v. Haker, 143 N.C.App. 688, 693, 547 S.E.2d 127, 130 (citing 1 Restatement (Second) of Judgments § 11, at 108 (1982)), disc. review denied, 354 N.C. 217, 554 S.E.2d 338 (2001). "Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] ... is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C.App. 666, 667, 353 S.E.2d 673, 675 (1987) (citing W. Shuford, N.C. Civil Practice and Procedure § 12-6 (1981)). Moreover, a court's inherent authority does not allow it to act where it would otherwise lack jurisdiction. "Courts have the inherent power to do only those things which are reasonably necessary for the administration of justice within the scope of their jurisdiction." In re Transportation of Juveniles, 102 N.C.App. 806, 808, 403 S.E.2d 557, 559 (1991) (citing 20 Am.Jur.2d Courts § 78 (1965)). "[T]he inherent powers of a court do not increase its jurisdiction but are limited to such powers as are essential to the existence of the court and necessary to the orderly and efficient exercise of its jurisdiction." Hopkins v. Barnhardt, 223 N.C. 617, 619-20, 27 S.E.2d 644, 646 (1943).
McKinney, 158 N.C.App. at 443, 581 S.E.2d at 795.
N.C. Gen.Stat. § 7B-1101 (2003) provides that a
court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion.
The statute further states that "before exercising jurisdiction under this Article, the court shall find that it would have jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204." Id.
In this case, the children were located in New Hanover County when the petition for termination was filed. Thus, the general requirement that the children reside in or be found in the district where the petition is filed is fulfilled. However, the inquiry does not end at this stage. Rather, as N.C. Gen.Stat. § 7B-1101 indicates, jurisdictional provisions under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (N.C. Gen.Stat. § 50A-101 et seq.) (2003) must be satisfied. We note that the definition of a "[c]hild-custody proceeding" under the UCCJEA specifically includes a proceeding for termination of parental rights. N.C. Gen.Stat. § 50A-102(4).
The UCCJEA provisions referenced above include N.C. Gen.Stat. §§ 50A-201, 50A-203, and 50A-204. The first provision, N.C. Gen. *150 Stat. § 50A-201, addresses jurisdiction for initial child-custody determinations. The phrase "[i]nitial determination" is defined as "the first child-custody determination concerning a particular child." N.C. Gen.Stat. § 50A-102(8). In the present case before our Court, the custody issues have already been addressed by an Arkansas court. The initial determination provision is therefore not relevant. Similarly, N.C. Gen.Stat. § 50A-204 is not applicable because it provides North Carolina with temporary emergency jurisdiction "if the child is present in [North Carolina] and the child has been abandoned or it is necessary in an emergency to protect the child[.]" N.C. Gen.Stat. § 50A-204(a). In the present case, the children have not been abandoned within the meaning of the UCCJEA and there is no indication that the children are in need of protection. Accordingly, this emergency jurisdiction provision is not relevant.
Thus, the remaining provision, N.C. Gen.Stat. § 50A-203, is the provision which must be satisfied for a North Carolina court to have jurisdiction to terminate respondent's parental rights. This statute outlines the requirements for a North Carolina court to have jurisdiction to modify a child-custody determination. Under the UCCJEA, "[m]odification" is defined as "a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." N.C. Gen.Stat. § 50A-102(11).
In this case, a custody order was entered by the Arkansas court on 16 August 2000 granting custody to petitioner and visitation to respondent. Thus, at the time of the petition to terminate respondent's parental rights, there was an existing order from another state pertaining to the children at issue. Accordingly, any change to that Arkansas order qualifies as a modification under the UCCJEA.
Under the applicable modification provision, N.C. Gen.Stat. § 50A-203, a North Carolina court cannot modify a child-custody determination made by another state unless two requirements are met. The first requirement is that the North Carolina court must have jurisdiction to make an initial determination under N.C. Gen.Stat. § 50A-201(a)(1) or (a)(2). Subsection (a)(1) provides for jurisdiction if North Carolina is the "home state of the child on the date of the commencement of the proceeding[.]" N.C. Gen.Stat. § 50A-201(a)(1). "Home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child-custody proceeding." N.C. Gen.Stat. § 50A-102(7). In this case, the children had been living in New Hanover County since 1 August 2000, and the petition was filed 21 March 2002. Thus, the home state requirement was satisfied.
However, in order for a North Carolina court to modify a custody determination of another state, a second requirement must also be met. This requirement is that either
(1) [t]he court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207; or
(2) [a] court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.
N.C. Gen.Stat. § 50A-203. Under subsection (1), there are two means whereby North Carolina would obtain jurisdiction. The first manner is if the Arkansas court determined it no longer had jurisdiction under N.C.G.S. § 50A-202. This statute provides that a court
which has made a child-custody determination consistent with [the UCCJEA] has exclusive, continuing jurisdiction over the determination until:
(1) [it] determines that ... the child, the child's parents, and any person acting as a parent [no longer have] a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, *151 training, and personal relationship; or
(2) [it] or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.
N.C. Gen.Stat. § 50A-202. The official comment to this statute clarifies that "the original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction." Official Comment to N.C.G.S. § 50A-202.
In the case before our Court, there is no Arkansas order in the record stating that Arkansas no longer has jurisdiction. In fact, as recently as 26 August 2002, after the termination petition and both responses to the petition had been filed, an Arkansas court entered an order directing petitioner to return the children to Arkansas so that a hearing could be held regarding visitation for respondent. Although this order concerned a hearing which had been held on 4 December 2000, it clearly indicated that Arkansas was not declining to exercise jurisdiction. Further, we note that at the time of the petition, respondent resided in Arkansas so Arkansas did not lose continuing jurisdiction based on N.C. Gen.Stat. § 50A-202(a)(2).
A second option under N.C. Gen.Stat. § 50A-203(1) that would relinquish jurisdiction from Arkansas to North Carolina is if the Arkansas court determined that a North Carolina court would be a more convenient forum under N.C. Gen.Stat. § 50A-207. Again, there is nothing in the record showing that Arkansas made such a determination. Accordingly, neither method of obtaining jurisdiction under N.C. Gen.Stat. § 50A-203(1) is satisfied.
The final option for North Carolina to obtain jurisdiction is contained in N.C. Gen.Stat. § 50A-203(2). This section allows jurisdiction if either the issuing state or the state attempting to modify the order determines that the child, the child's parents, and any person acting as a parent have left the issuing state. In the case before this Court, at the time of the petition, the record shows respondent was residing in Arkansas. Because respondent continued to live in Arkansas, subsection (2) was not satisfied even though petitioner and the children had left Arkansas and moved to North Carolina. Accordingly, pursuant to the UCCJEA, the trial court lacked subject matter jurisdiction to hear a petition for termination of respondent's parental rights. Although North Carolina qualifies as the home state of the children, the second requirement for modification jurisdiction is not met. Thus, the trial court lacked subject matter jurisdiction to enter the order.
For the reasons stated, the order of the trial court must be vacated and this case remanded to the New Hanover County District Court for entry of an order dismissing petitioner's action.
Because we resolve this appeal on the basis of lack of subject matter jurisdiction, we do not address the merits of respondent's argument.
Vacated and remanded.
Judges WYNN and TYSON concur.