NO. COA14-145

NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

IN RE: J.D.,                              Mecklenburg County
                                          No. 12 JT 471

A Minor Child


Appeal by respondent from order entered 25 November 2013 by Judge Elizabeth T. Trosch in Mecklenburg County District Court. Heard in the Court of Appeals 29 May 2014.

> *Horack, Talley, Pharr & Lowndes, PA, by Elizabeth Johnstone James, for petitioner-appellee.*

> *Rebekah W. Davis for respondent-appellant.*

DAVIS, Judge.

B.D. ("Respondent") appeals from an order terminating his parental rights to his son, J.D. ("Josh")[1], who was born in August 2006 in Indianapolis, Indiana.  On appeal, Respondent argues that the trial court lacked jurisdiction to grant the petition to terminate Respondent's parental rights.  After careful review, we vacate the trial court's order and remand for entry of an order dismissing the petition.

_____

[1] The pseudonym "Josh" is used throughout this opinion to protect the privacy of the minor child and for ease of reading.  N.C.R. App. P. 3.1(b).

**Factual Background**

K.P. ("Petitioner") is Josh's mother. At the time of Josh's birth, Petitioner and Respondent lived together in Indiana. They separated approximately two months after Josh was born. On or about 17 December 2008, Respondent filed an action ("the Indiana Action") in the Circuit Court of Marion County, Indiana ("the Indiana court") seeking custody of Josh. On or about 8 January 2009, the Indiana court entered a consent order establishing paternity, custody, child support, and visitation. In 2011, Petitioner moved with Josh to North Carolina, where she and Josh continue to reside.

On 2 August 2011, the Indiana court entered an order modifying its child custody order to permit visitation by Respondent. On 18 November 2011, the Indiana court suspended Respondent's visitation privileges. On 2 December 2011, Josh's paternal grandparents — who live in Indiana — filed a motion to intervene for the purpose of obtaining visitation rights regarding Josh. The Indiana court dismissed the grandparents' motion to intervene on 14 December 2011.

On 18 July 2012, Petitioner filed a petition in Mecklenburg County District Court seeking to terminate Respondent's parental rights to Josh. On 13 September 2012, in conjunction with his

answer to the petition, Respondent filed a motion to dismiss on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

On 7 November 2012, Respondent filed a motion for a protective order pursuant to Rule 26(c) of the North Carolina Rules of Civil Procedure seeking to be excused from answering a set of interrogatories propounded by Petitioner until the trial court's jurisdiction was established. On 18 March 2013, Petitioner filed a motion to compel Respondent to respond to the interrogatories and also to her request for production of documents. On 4 June 2013, a consent order was entered in which the parties agreed to continue the pretrial conference until 26 June 2013. Respondent also agreed in this order to respond to Petitioner's interrogatories by 21 June 2013. The order stated that if he failed to respond to the interrogatories by this deadline, Petitioner would be "entitled to request that discovery sanctions be levied against Respondent" at the pretrial conference.

Following the pretrial conference, the trial court issued an order on 15 July 2013 in which it concluded it had jurisdiction over both the parties and the subject matter. In

addition, the court sanctioned Respondent for failing to respond to Petitioner's first set of interrogatories by prohibiting him (1) "from putting on evidence regarding any of the issues contained in Petitioner's First Set of Interrogatories"; and (2) from "us[ing] in his defense any information that should have (or could have) been responsive to Petitioner's First Set of Interrogatories . . . ."

The trial court conducted adjudication and disposition hearings in connection with Petitioner's petition to terminate Respondent's parental rights on 6 November 2013 and filed an order on 25 November 2013 terminating his parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) and (7). Respondent filed a timely notice of appeal.

## Analysis

Respondent contends that the order terminating his parental rights must be vacated because the Mecklenburg County District Court lacked jurisdiction over the subject matter and over Respondent's person in that (1) the child custody action regarding Josh originated in Indiana and the Indiana court has retained subject matter jurisdiction; and (2) Respondent is not a resident of North Carolina and had insufficient minimum contacts with this State to permit the trial court's exercise of

personal jurisdiction over him. Petitioner argues Respondent waived any challenge to jurisdiction by not appealing the 15 July 2013 order in which the court concluded it had both subject matter and personal jurisdiction. Petitioner further argues that even if the jurisdictional arguments were not waived, the trial court did, in fact, possess subject matter and personal jurisdiction over Respondent.

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). With regard to "matters arising under the Juvenile Code, the court's subject matter jurisdiction is established by statute." *In re K.J.L.¸* 363 N.C. 343, 345, 677 S.E.2d 835, 837 (2009). "Subject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal." *In re H.L.A.D.*, 184 N.C. App. 381, 385, 646 S.E.2d 425, 429 (2007), *aff'd per curiam*, 362 N.C. 170, 655 S.E.2d 712 (2008). Whether a court has jurisdiction is a question of law reviewable *de novo* on appeal. *In re K.U.-S.G.,* 208 N.C. App. 128, 131, 702 S.E.2d 103, 105 (2010).

The jurisdictional statute that governs actions to terminate parental rights is N.C. Gen. Stat. § 7B-1101, which provides as follows:

> The court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion. The court shall have jurisdiction to terminate the parental rights of any parent irrespective of the age of the parent. Provided, that before exercising jurisdiction under this Article, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204. *The court shall have jurisdiction to terminate the parental rights of any parent irrespective of the state of residence of the parent. Provided, that before exercising jurisdiction under this Article regarding the parental rights of a nonresident parent, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201 or G.S. 50A-203, without regard to G.S. 50A-204 and that process was served on the nonresident parent pursuant to G.S. 7B-1106.*

N.C. Gen. Stat. § 7B-1101 (2013) (emphasis added).

The above-referenced statutes listed in N.C. Gen. Stat. § 7B-1101 are all provisions of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which defines a

"child-custody determination" as "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child." N.C. Gen. Stat. § 50A-102(3) (2013). The jurisdictional requirements of the UCCJEA apply to proceedings for the termination of parental rights. *In re N.R.M.*, 165 N.C. App. 294, 298, 598 S.E.2d 147, 149 (2004).

Because this action sought the termination of nonresident Respondent's parental rights, N.C. Gen. Stat. § 50A-204 — which confers upon a court of this State temporary emergency jurisdiction if the child is within this State and has been abandoned or the exercise of jurisdiction is necessary to protect the child from mistreatment or abuse — could not provide the trial court with subject matter jurisdiction in this case. *See* N.C. Gen. Stat. § 7B-1101 ("[B]efore exercising jurisdiction . . . regarding the parental rights of a nonresident parent, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201 or G.S. 50A-203, *without regard to G.S. 50A-204* . . . ." (emphasis added)).

Thus, pursuant to N.C. Gen. Stat. § 7B-1101 and the UCCJEA, we must determine whether the trial court possessed subject matter jurisdiction under N.C. Gen. Stat. §§ 50A-201 or -203.

N.C. Gen. Stat. § 50A-201 provides:

>(a) Except as otherwise provided in G.S. 50A-204, a court of this State has jurisdiction to make an *initial* child-custody determination only if:

>>(1) This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this State but a parent or person acting as a parent continues to live in this State;

>>(2) A court of another state does not have jurisdiction under subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under G.S. 50A-207 or G.S.50A-208, and:

>>>a. The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this State other than mere physical presence; and

>>>b. Substantial evidence is available in this State concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this State is the more appropriate forum to determine the custody of the child under G.S. 50A-207 or G.S. 50A-208; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2), or (3).

(b) Subsection (a) is the exclusive jurisdictional basis for making a child-custody determination by a court of this State.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

N.C. Gen. Stat. § 50A-201 (2013) (emphasis added).

In the present case, because the initial child custody determination was made by the Indiana court, N.C. Gen. Stat. § 50A-201 is inapplicable. *See N.R.M.*, 165 N.C. App. at 298, 598 S.E.2d at 150 (concluding that N.C. Gen. Stat. § 50A-201 could not confer subject matter jurisdiction upon North Carolina court because initial custody determination had been made in Arkansas).

Thus, the only basis by which the trial court could have conceivably obtained subject matter jurisdiction was through

N.C. Gen. Stat. § 50A-203. N.C. Gen. Stat. § 50A-203 provides that a court of this State may not modify a child custody determination of a court of another state

> unless a court of this State has jurisdiction to make an initial determination under G.S. 50A-201(a)(1) or G.S. 50A-201(a)(2) and:
>
> (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207; or
>
> (2) A court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

N.C. Gen. Stat. § 50A-203.

Therefore, either of two events would have had to occur in order for the trial court to have actually acquired subject matter jurisdiction in this action based on N.C. Gen. Stat. § 50A-203: (1) a determination by the Indiana court that it no longer had exclusive, continuing jurisdiction or that a North Carolina court would be a more convenient forum; or (2) a determination by either court that neither Josh nor Petitioner nor Respondent presently lived in Indiana. *N.R.M.*, 165 N.C. App. at 300-01, 598 S.E.2d at 150-51.

The latter prong clearly does not provide subject matter jurisdiction in this case because Respondent continues to reside in Indiana. *See In re J.W.S.*, 194 N.C. App. 439, 448, 669 S.E.2d 850, 856 (2008) (explaining that New York did not lose continuing jurisdiction over custody of child for purposes of N.C. Gen. Stat. § 50A-203(2) because juvenile's mother continued to reside there).

Consequently, the first prong of N.C. Gen. Stat. § 50A-203 is the only possible basis for the existence of jurisdiction in North Carolina. In its order terminating Respondent's parental rights, the trial court concluded that — for purposes of N.C. Gen. Stat. § 50A-203(1) — the Indiana court had declined jurisdiction over the custody of Josh by dismissing the motion to intervene filed by Josh's paternal grandparents. We disagree.

The order of the Indiana court dismissing the grandparents' motion consisted of three paragraphs. The first paragraph identified the motion before the court and the parties present at the hearing. The second and third paragraphs read as follows:

> The Court having considered the matters before it and after argument finds that Mother's Motion to Dismiss must be Granted. Pursuant to I.C. § 31-17-5-4 et seq., a

> Petition for Grandparent Visitation must be filed in a circuit, superior or probate court of the county in which the child resides for all cases filed pursuant to I.C. § 31-17-5-1(a)(3). It is undisputed that the minor child resides in Mecklenburg County, North Carolina, not Marion County, Indiana. Therefore, Marion County, Indiana is not the proper venue for this matter.
>
> Intervenor's Request for Grandparent Visitation is hereby dismissed without prejudice.

The order dismissing the grandparents' motion to intervene was based upon Indiana's Grandparent Visitation Act, I.C. 31-17-5-1 *et seq.*, which provides for grandparents to seek visitation rights in certain limited situations. The Indiana Court of Appeals has stated that "the Grandparent Visitation Act contemplates only occasional, temporary visitation that does not substantially infringe on a parent's fundamental right to control the upbringing, education, and religious training of their children." *Hoeing v. Williams*, 880 N.E.2d 1217, 1221 (Ind. Ct. App. 2008) (citation and quotation marks omitted). North Carolina does not have any statutory provision for an independent action for grandparents' visitation analogous to Indiana's statute, although a grandparent can be granted visitation in the context of a custody case between the parents in some circumstances. *See* N.C. Gen. Stat. § 50-13.2(b1).

It is clear that the order dismissing the grandparents' motion to intervene and request for grandparent visitation was based solely upon Indiana's venue statute, which requires that an action for grandparent visitation be filed in the county in which the child resides. *See* I.C. § 31-17-5-4 ("A grandparent seeking visitation rights shall file a petition requesting reasonable visitation rights . . . in a circuit, superior or probate court of the county in which the child resides . . . ."). Specifically, the Indiana court concluded that "Marion County, Indiana is not the proper venue for this matter." Venue is designated by statute, and "[i]t has been well settled in this State for many years that venue is not jurisdictional . . . ." *Shaw v. Stiles*, 13 N.C. App. 173, 176, 185 S.E.2d 268, 269 (1971). In addition, the Indiana order simply dismissed the grandparents' motion "without prejudice," without any mention of relinquishing jurisdiction of the custody matter.

Accordingly, we hold that the trial court erred in concluding that the Indiana court relinquished jurisdiction to North Carolina's courts by entering the order in the Indiana Action dismissing the paternal grandparents' motion for visitation rights. Nothing in the record evidences a determination by the Indiana court that it no longer had

exclusive, continuing jurisdiction over Josh's case or that a North Carolina court would be a more convenient forum. Because the trial court lacked subject matter jurisdiction, we vacate the trial court's order terminating Respondent's parental rights and remand for entry of an order dismissing the petition. *See In re J.A.P.*, ___ N.C. App. ___, ___, 721 S.E.2d 253, 254-55 (2012) (vacating termination of parental rights order and remanding for entry of order dismissing petition in light of absence of evidence that New Jersey had determined that it "no longer ha[d] exclusive, continuing jurisdiction or that a court of this State [North Carolina] would be a more convenient forum" (internal quotation marks omitted)).[2]

**Conclusion**

For the reasons stated above, we vacate the trial court's order terminating Respondent's parental rights and remand for entry of an order dismissing the petition.

VACATED AND REMANDED.

Judges CALABRIA and STROUD concur.

---

[2] Because we hold that the trial court did not possess subject matter jurisdiction, we need not address Respondent's argument that the court also lacked personal jurisdiction over him.