ZACHARY, Judge.
Respondent-mother appeals from an order terminating her parental rights to her minor child, J.M. ("Jacob").[1] Because the trial court lacked subject matter jurisdiction over the termination proceeding, we vacate the order.
On 24 January 2012, one day after Jacob was born, the Durham County Department of Social Services ("DSS") took Jacob into nonsecure custody and placed him with Mr. *306 and Ms. C ("petitioners"). According to the nonsecure custody order, DSS met with respondent-mother to help avoid Jacob's placement with petitioners, but "[a]dditional efforts were precluded by the incarceration of [respondent-]mother and the unknown whereabouts of [Jacob's] father." Jacob has resided with petitioners ever since the initial placement.
Respondent-mother, who lived with Jacob's maternal grandmother, did not begin visiting with Jacob until he was six months old. Although petitioners drove respondent-mother to visits with Jacob, they stopped providing transportation assistance when respondent-mother failed to attend visits and stated that she needed a break from visitation. Respondent-mother also lacked independent living skills, and there was concern that Jacob's maternal grandmother would pose a risk to his safety if he was returned to respondent-mother's care.
Consequently, on 28 May 2013, the trial court issued a limited custody order placing Jacob into the guardianship and physical custody of petitioners in order for them to obtain information and services for Jacob, as needed, without unnecessary delay pending a more comprehensive order. It is unclear when Jacob's initial permanency planning hearing was conducted. However, after holding a permanency planning review hearing in May 2013, the trial court entered an order on 16 July 2013 again naming petitioners as guardians and physical custodians of Jacob and setting guardianship as the permanent plan.
Petitioners filed a petition to terminate respondent-mother's parental rights in Durham County District Court on 30 June 2015 alleging the following grounds: (1) willfully leaving Jacob in a placement outside the home for more than 12 months without making reasonable progress, and (2) willful abandonment of Jacob. See N.C. Gen. Stat. § 7B-1111(a)(2) and (7) (2015). After a hearing, the trial court entered an order on 19 October 2015 terminating respondent-mother's parental rights to Jacob based on willful abandonment. Respondent-mother timely appealed.[2]
Respondent-mother first argues that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding because the petition was filed in Durham County and Jacob resided in Wake County, was not found in Durham County, and was not in the custody of Durham County DSS or a Durham County child-placing agency at the time the petition to terminate parental rights was filed. Therefore, respondent-mother contends that the order terminating her parental rights should be vacated. We agree.
"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question." Harris v. Pembaur, 84 N.C.App. 666, 667, 353 S.E.2d 673, 675 (1987). "Subject matter jurisdiction cannot be conferred by consent or waiver, and the issue of subject matter jurisdiction may be raised for the first time on appeal." In re H.L.A.D. , 184 N.C.App. 381, 385, 646 S.E.2d 425, 429 (2007). "The question of whether a trial court has subject matter jurisdiction is a question of law and is reviewed de novo on appeal." In re B.L.H. , 239 N.C.App. 52, 767 S.E.2d 905, 909 (2015). Jurisdiction over termination of parental rights proceedings is governed by N.C. Gen. Stat. § 7B-1101, which provides:
The court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion.
N.C. Gen. Stat. § 7B-1101 (2015) (emphasis added).
Here, it is undisputed that Jacob resided with petitioners in Wake County at the time the petition to terminate respondent-mother's parental rights was filed in Durham County District Court. There is no evidence *307 that Jacob was found in Durham County or was in the custody of a child-placing agency in Durham County at the time the petition was filed.
As to DSS custody, Durham County DSS was initially granted custody of Jacob pursuant to a 24 January 2012 nonsecure custody order. However, in the 28 May 2013 limited order and again in the 16 July 2013 permanency planning review order, the trial court placed Jacob in the guardianship and physical custody of petitioners and named guardianship as the permanent plan. The trial court also released DSS and the guardian ad litem from "further court responsibility" and waived further review hearings.
Pursuant to N.C. Gen. Stat. § 7B-600, once appointed by a trial court,
[t]he guardian shall have the care, custody , and control of the juvenile or may arrange a suitable placement for the juvenile and may represent the juvenile in legal actions before any court. The guardian may consent to certain actions on the part of the juvenile in place of the parent including (i) marriage, (ii) enlisting in the Armed Forces of the United States, and (iii) enrollment in school. The guardian may also consent to any necessary remedial, psychological, medical, or surgical treatment for the juvenile.
N.C. Gen. Stat. § 7B-600(a) (2015) (emphasis added).
The 28 May 2013 order removed Jacob from DSS custody and granted custody to petitioners by naming them as the guardians and physical custodians of Jacob. See id.; see also In re J.V. , 198 N.C.App. 108, 111, 679 S.E.2d 843, 844-45 (2009) (noting that by making a couple the guardians for the child, the trial court modified the child's custody from DSS to the couple). Thus, at the time petitioners filed their petition to terminate respondent-mother's parental rights on 30 June 2015, Jacob was not residing in Durham County, was not found in Durham County, and was not in the legal custody of a licensed child-placing agency in Durham County or Durham County DSS. See N.C. Gen. Stat. § 7B-1101.
Because none of these requirements were met, the Durham County District Court lacked jurisdiction to hear the termination of parental rights petition. Accordingly, we vacate the order terminating respondent-mother's parental rights.
VACATED.
Judges BRYANT and TYSON concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading.

Although the termination order was entered in October 2015, respondent-mother was not served with the order until 8 January 2016. Thus, her 8 January 2016 written notice of appeal is timely. See N.C. Gen. Stat. § 7B-1001(b) (2015).