TYSON, Judge.
 

 *461
 
 Respondent-father ("Respondent") appeals from an order terminating his parental rights to his child, T.E.N. We vacate the trial court's order for lack of jurisdiction.
 

 *462
 

 I. Factual Background
 

 In 2005, Respondent and petitioner-mother ("Petitioner") began a relationship. T.E.N. was born out of wedlock in May 2009 in Brick, New Jersey. Respondent and Petitioner
 
 *793
 
 lived together until July or August 2009, when Petitioner moved into a women's shelter with T.E.N.
 

 According to trial testimony, Petitioner obtained domestic violence protective orders against Respondent during the course of their relationship. In September 2009, Petitioner obtained a restraining order prohibiting contact by Respondent. The order also provided "parenting time" or visitation for Respondent with T.E.N. These orders were neither introduced into evidence at the termination hearing nor made part of the record on appeal.
 

 On 26 October 2011, Petitioner sought and received a Final Restraining Order, barring Respondent from her residence, place of employment, and barring Respondent from having contact with Petitioner or her friend, K.O. The order was issued from the Ocean County Superior Court, Chancery Division, Family Part ("New Jersey court"), and grants Petitioner temporary custody of T.E.N. On 12 February 2012, the New Jersey court issued an Amended Final Restraining Order, which barred Respondent from being present at T.E.N.'s daycare facility. The Amended Order provides for supervised visitation with the assistance of Respondent's mother.
 

 At some point in 2013, Petitioner sought permission from the New Jersey court to relocate with T.E.N. to North Carolina. In July 2013, the New Jersey court granted Petitioner's request. Petitioner moved to North Carolina in August 2013. Respondent continues to reside in New Jersey.
 

 In October 2013, Respondent sought modification of his visitation arrangement with T.E.N. before the New Jersey court. The court's order, made part of the record on appeal, indicates the court modified the visitation arrangement of a 25 July 2013 order and denied reconsideration of a 28 August 2013 court order. Pursuant to the October order, Respondent was allowed one weekend per month of unsupervised visitation with his son. The parties were ordered to alternate the transportation of T.E.N. between North Carolina and New Jersey. Petitioner was ordered to provide the transportation for the first visit. After this initial visit, Respondent did not visit his son again.
 

 On 6 January 2015, Petitioner filed a petition to terminate Respondent's parental rights. The petition alleged as grounds to terminate that: (1) Respondent willfully abandoned the juvenile; and (2)
 

 *463
 
 Petitioner had custody of the juvenile and Respondent failed without justification to pay for the care, support, and education of the juvenile as required by the custody agreement, for a period of one year or more preceding the filing of the petition.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(4),(7) (2015). Following a hearing, the trial court found the existence of willful abandonment on 29 April 2016 and entered an order terminating Respondent's parental rights. Respondent filed written notice of appeal on 12 May 2016.
 

 II. Subject Matter Jurisdiction
 

 In a termination of parental rights action, the trial court's subject matter jurisdiction is established by N.C. Gen Stat. § 7B-1101.
 

 The court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion. The court shall have jurisdiction to terminate the parental rights of any parent irrespective of the age of the parent. Provided, that before exercising jurisdiction under this Article, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204. The court shall have jurisdiction to terminate the parental rights of any parent irrespective of the state of residence of the parent. Provided, that before exercising jurisdiction under this Article regarding the parental rights of a nonresident parent, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201 or G.S. 50A-203, without regard to G.S. 50A-204 and that process was served on
 
 *794
 
 the nonresident parent pursuant to G.S. 7B-1106.
 

 N.C. Gen. Stat. § 7B-1101 (2015). "Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question."
 
 Harris v. Pembaur
 
 ,
 
 84 N.C.App. 666
 
 , 667,
 
 353 S.E.2d 673
 
 , 675 (1987).
 

 III. Issue
 

 Respondent contends,
 
 inter alia
 
 , the trial court did not acquire subject matter jurisdiction over the termination proceeding under the
 
 *464
 
 provisions of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). N.C. Gen. Stat. § 50A-201 et. seq. We agree.
 

 IV. Standard of Review
 

 "Whether a court has jurisdiction is a question of law reviewable de novo on appeal."
 
 In re J.D.
 
 ,
 
 234 N.C.App. 342
 
 , 344,
 
 759 S.E.2d 375
 
 , 377 (2014) (citation omitted).
 

 V. Analysis
 

 Neither party contests the New Jersey court's initial and continued child custody determinations. Both Petitioner and Respondent referred to multiple New Jersey court orders at the hearing. Only three of the orders issued by the New Jersey court were admitted into evidence at the hearing and made part of the record on appeal.
 

 Under the UCCJEA, once a court makes an initial child custody determination, the state in which that court is located generally has "exclusive continuing jurisdiction over the determination." N.C. Gen. Stat. § 50A-202(a) (2015). The UCCJEA provides the circumstances under which the courts of a second state are permitted to exercise jurisdiction over and modify a prior custody determination from the original state.
 
 See
 
 N.C. Gen. Stat. §§ 50A-202, 203, 204 (2015). "Modification" is defined as "a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." N.C. Gen. Stat. § 50A-102(11) (2015).
 

 Under N.C. Gen. Stat. § 50A-203, a North Carolina court may not modify an out-of-state custody determination unless two conditions are met. First, the North Carolina court must possess jurisdiction to make an initial determination under N.C. Gen. Stat. § 50A-201(a)(1) or N.C. Gen. Stat. § 50A-201(a)(2). N.C. Gen. Stat. § 50A-203. In this case, both parties agree this first condition is satisfied, as North Carolina was "the home state of [T.E.N.] on the date of the commencement of the proceeding." N.C. Gen. Stat. § 50A-201(a)(1) (2015).
 

 The second condition is met if one of the following occurs:
 

 (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207 ; or
 

 (2) A court of this State or a court of the other state determines that the child, the child's parents, and any
 
 *465
 
 person acting as a parent do not presently reside in the other state.
 

 N.C. Gen. Stat. § 50A-203.
 

 Respondent continues to reside in New Jersey. The Guilford County District Court did not gain jurisdiction over this case through N.C. Gen. Stat. § 50A-203(2), and the district court did not purport to gain jurisdiction pursuant to this subsection. The Termination Order does not list a specific statute as the basis to issue its order.
 

 The court's finding of fact seven states, "[t]he Honorable Melanie Appleby of the New Jersey Family Court, on March 28, 2014, transferred the jurisdiction of the custody proceedings from New Jersey to North Carolina." The trial court apparently concluded it could assert subject matter jurisdiction over the case pursuant to N.C. Gen. Stat. § 50A-203(1).
 

 Under subsection N.C. Gen. Stat. § 50A-203(1), there are two grounds under which the Guilford County District Court would gain jurisdiction. The first is if the New Jersey court had determined it no longer possessed jurisdiction under section 50A-202. The applicable portion of N.C. Gen. Stat. § 50A-202 provides that a court:
 

 which has made a child-custody determination consistent with G.S. 50A-201 or
 
 *795
 
 G.S. 50A-203 has exclusive, continuing jurisdiction over the determination until:
 

 (1) [it] determines that ... the child, the child's parents, and any person acting as a parent [no longer] have a significant connection with [that] State and that substantial evidence is no longer available in [that] State concerning the child's care, protection, training, and personal relationships; or
 

 (2) [it] or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in [the issuing state].
 

 N.C. Gen. Stat. § 50A-202(a).
 

 " '[T]he original decree State is the sole determinant of whether jurisdiction continues. A party seeking to modify a custody determination must obtain an order from the original decree State stating that it no longer has jurisdiction.' "
 
 In re N.R.M.
 
 ,
 
 165 N.C.App. 294
 
 , 300,
 
 598 S.E.2d 147
 
 , 151 (2004) (quoting Official Comment to N.C. Gen. Stat. § 50A-202 ).
 

 *466
 
 In
 
 In re K.U.-S.G.
 
 ,
 
 208 N.C.App. 128
 
 ,
 
 702 S.E.2d 103
 
 (2010), a Pennsylvania court had entered initial orders regarding the custody of two juveniles living within the state. Prior to the petitioners' and the juveniles' move to North Carolina, the Pennsylvania court had entered orders granting legal custody of the juveniles to the petitioners and allowing the respondent supervised visitation.
 

 Id.
 

 at 129-30
 
 ,
 
 702 S.E.2d at 104
 
 . Eventually, the petitioners filed petitions to terminate the respondent's parental rights.
 

 Id.
 

 at 130
 
 ,
 
 702 S.E.2d at 105
 
 . The North Carolina court purported to terminate the respondent's parental rights.
 

 The North Carolina court stated "it had contacted 'the Court of Common Pleas, Fayette County, Juvenile Division and determined that Fayette County no longer wished to retain jurisdiction.' "
 

 Id.
 

 at 134
 
 ,
 
 702 S.E.2d at 107
 
 . The record in the case did not include an order from the Pennsylvania court indicating that it no longer exercised jurisdiction. This Court held the Pennsylvania court did not lose jurisdiction under N.C. Gen. Stat. § 50A-202(a)(1).
 

 Id.
 

 In the present case, Petitioner testified at the termination hearing that the New Jersey court had transferred jurisdiction to North Carolina in March 2014. No such order was produced, introduced into evidence, or made a part of the record on appeal. Without an order from the New Jersey court relieving itself of jurisdiction, which all parties agree it had previously exercised, the Guilford County District Court lacked any basis to conclude it acquired subject matter jurisdiction over the case pursuant to N.C. Gen. Stat. § 50A-202.
 
 See
 

 In re N.R.M.
 
 at 300,
 
 598 S.E.2d at 151
 
 (vacating the trial court's termination order where an Arkansas court made the initial child-custody determination and "there [was] no Arkansas order in the record stating that Arkansas no longer [had] jurisdiction").
 

 N.C. Gen. Stat. § 50A-203(1) also allows a North Carolina court to gain jurisdiction over a child-custody matter initiated in another state, if the other state determined North Carolina to be a more convenient forum under N.C. Gen. Stat. § 50A-207 (2015). Nothing in the
 
 In re K.U.-S.G.
 
 record showed the Pennsylvania court had made the determination that North Carolina would be a more convenient forum under UCCJEA § 203(1) ( N.C. Gen. Stat. § 50A-203(1) ). Since the district court lacked subject matter jurisdiction under either relevant prong of the UCCJEA, this Court vacated the North Carolina court's termination order.
 
 In re K.U.-S.G.
 
 ,
 
 208 N.C.App. at 135
 
 ,
 
 702 S.E.2d at 108
 
 . Here, no order in the record demonstrates that the New Jersey court ever made such a convenient forum determination.
 

 *467
 
 Since neither method of obtaining jurisdiction under N.C. Gen. Stat. § 50A-203(1) is satisfied, the Guilford County District Court erroneously determined it had acquired subject matter jurisdiction.
 
 See
 
 id.
 

 The order of the trial court terminating Respondent's parental rights is vacated. In light of this ruling, it is unnecessary for us to address Respondent's remaining arguments on appeal.
 

 VI. Conclusion
 

 The Guilford County District Court never acquired subject matter jurisdiction to enter the order appealed from. Without any jurisdictional basis, the order terminating Respondent's
 
 *796
 
 parental rights is vacated.
 
 It is so ordered.
 

 VACATED.
 

 Judges BRYANT and DAVIS concur.