TYSON, Judge.
 

 *33
 
 Respondent-mother appeals from an order terminating her parental rights in D.A.Y. ("Dylan").
 
 See
 
 N.C. R. App. P. 42(b) (pseudonym used to protect the identity of the child). The trial court erred in exercising jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement
 
 *34
 
 Act ("UCCJEA") and its order is vacated. This cause is remanded for dismissal of the petition.
 

 I. Factual Background
 

 Petitioner and Respondent were married briefly and separated prior to Dylan's birth in Las Vegas, Nevada. Petitioner is Dylan's father and is a resident of Stanly County, North Carolina. Respondent is Dylan's mother and lives in Ventura County, California.
 

 Petitioner filed a petition and a subsequent amended petition to terminate Respondent's parental rights in the Stanly County District Court on 29 March 2018 and 18 May 2018, respectively. Petitioner alleged Dylan resided with him in Stanly County, such that "North Carolina is the home state of the child," pursuant to "a juvenile court order from the State of California entered as a result of a juvenile protective services investigation filed October 18, 2013 which gave custody to petitioner with supervised once per year visits granted to respondent." Petitioner further alleged "California terminated [its] jurisdiction by the terms of said order." The petition alleged Respondent is "a citizen and residence [sic] of Ventura County, California," but claimed she had temporarily "moved to Nevada in or about 2016 thereby terminating California's jurisdiction."
 

 Respondent filed a written answer admitting the petition's allegations regarding the respective locations of the parties and the actions of the court in California in the 2013 custody proceeding. Respondent denied many of the substantive allegations in the petition and accused Petitioner of "withholding [Dylan] from the Respondent" and not allowing her to communicate with her son.
 

 *856
 
 After a hearing on 9 August 2018, the trial court found grounds existed to terminate Respondent's parental rights based upon her neglect and willful abandonment of Dylan.
 
 See
 
 N.C. Gen. Stat. § 7B-1111(a)(1), (7) (2017). The court further concluded Dylan's best interest required terminating Respondent's parental rights.
 
 See
 
 N.C. Gen. Stat. § 7B-1110(a) (2017). Respondent filed timely notice of appeal.
 

 II. Jurisdiction
 

 Jurisdiction lies in this Court from a final order of the district court entered 4 September 2018 pursuant to N.C. Gen. Stat. § 7B-1001(a) (2017).
 

 III. Issue
 

 Respondent argues the trial court lacked subject matter jurisdiction to hear and enter orders under the UCCJEA because: (1) a court
 
 *35
 
 in California entered an initial child-custody determination with regard to Dylan,
 
 see
 
 N.C. Gen. Stat. §§ 50A-102(3) - (8), 50A-201 (2017) ; (2) the court in California did not determine it no longer had jurisdiction or that North Carolina would be a more convenient forum,
 
 see
 
 N.C. Gen. Stat. § 50A-203(1) (2017) ; and (3) Respondent had resided in California from the time Petitioner filed the petition to terminate her parental rights through the date of the termination hearing,
 
 see
 
 N.C. Gen. Stat. § 50A-203(2) (2017).
 

 IV. Standard of Review
 

 "The existence of subject matter jurisdiction is a matter of law and cannot be conferred upon a court by consent. Consequently, a court's lack of subject matter jurisdiction is not waivable and can be raised at any time."
 
 In re K.J.L.
 
 ,
 
 363 N.C. 343
 
 , 345-46,
 
 677 S.E.2d 835
 
 , 837 (2009) (citations and internal quotation marks omitted). "The question of whether a trial court has subject matter jurisdiction is a question of law and is reviewed
 
 de novo
 
 on appeal."
 
 In re B.L.H.
 
 ,
 
 239 N.C. App. 52
 
 , 58,
 
 767 S.E.2d 905
 
 , 909 (2015).
 

 V. Analysis
 

 A. Subject Matter Jurisdiction
 

 "Jurisdiction over termination of parental rights proceedings is governed by N.C. Gen. Stat. § 7B-1101."
 
 In re. J.M.
 
 ,
 
 249 N.C. App. 617
 
 , 619,
 
 797 S.E.2d 305
 
 , 306 (2016). Compliance with the UCCJEA, as codified in Chapter 50A of our General Statutes, is essential to the juvenile court's subject matter jurisdiction under N.C. Gen. Stat. § 7B-1101.
 

 [B]efore exercising jurisdiction under this Article, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204. The court shall have jurisdiction to terminate the parental rights of any parent irrespective of the state of residence of the parent. Provided, that before exercising jurisdiction under this Article regarding the parental rights of a nonresident parent, the court shall find that it has jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201 or G.S. 50A-203, without regard to G.S. 50A-204 ....
 

 N.C. Gen. Stat. § 7B-1101 (2017) ;
 
 see also
 

 In re J.D.
 
 ,
 
 234 N.C. App. 342
 
 , 345,
 
 759 S.E.2d 375
 
 , 378 (2014) ("pursuant to N.C. Gen. Stat. § 7B-1101 and the UCCJEA, we must determine whether the trial court possessed subject matter jurisdiction under N.C. Gen. Stat. §§ 50A-201 or -203").
 

 *36
 
 The trial court made findings of fact in support of its assertion and conclusion of jurisdiction:
 

 1. That this Court has ... subject matter jurisdiction .... There is an existing custody order in favor of the petitioner, however, California relinquished continuing, exclusive jurisdiction when that State terminated their jurisdiction, and when both parties and the minor child subsequently moved from the State of California.
 

 ....
 

 3. The petitioner ... is a citizen and resident of Stanly County, North Carolina, and has been for more than six (6) months next preceding the institution of this action. Further, the minor child herein has also been a citizen and resident of the State of North Carolina, County of Stanly, for more than six (6) months next proceeding the commencement of this action.
 

 4. The respondent is ... a citizen and resident of the State of California.
 

 *857
 
 The court separately concluded that it "has ... subject matter jurisdiction over the ... subject matter herein."
 

 Respondent objects to the trial court's finding that "California relinquished continuing, exclusive jurisdiction when that State terminated [its] jurisdiction, and when both parties and the minor child subsequently moved from the State of California." To the extent the trial court's findings of fact refer to the legal effect of actions taken by the parties or the court in California, they are reviewed
 
 de novo
 
 as conclusions of law.
 
 See
 

 In re M.R.D.C.
 
 ,
 
 166 N.C. App. 693
 
 , 697,
 
 603 S.E.2d 890
 
 , 893 (2004),
 
 disc. review denied
 
 ,
 
 359 N.C. 321
 
 ,
 
 611 S.E.2d 413
 
 (2005). Respondent specifically challenges the trial court's assessment that the court in California had "terminated [its] jurisdiction" in the custody proceeding or that North Carolina had otherwise obtained subject matter jurisdiction under the UCCJEA.
 

 It is undisputed that a juvenile court in Los Angeles, California, entered a "Custody Order-Juvenile-Final Judgment" on 18 October 2013 awarding legal and physical custody of Dylan to Petitioner in case number CK98455, with visitation awarded to Respondent. This order constitutes a prior child-custody determination under the UCCJEA.
 
 See
 
 N.C. Gen. Stat. 50A-102(3) (2017). " 'Accordingly, any change to that [California] order qualifies as a modification under the UCCJEA.' "
 

 *37
 

 In re N.B.
 
 ,
 
 240 N.C. App. 353
 
 , 357,
 
 771 S.E.2d 562
 
 , 565 (2015) (quoting
 
 In re N.R.M.
 
 ,
 
 165 N.C. App. 294
 
 , 299,
 
 598 S.E.2d 147
 
 , 150 (2004) ).
 

 Modification of another state's child-custody determination is governed by N.C. Gen. Stat. § 50A-203 (2017), which provides in pertinent part:
 

 a
 
 court of this State may not modify
 
 a child-custody determination made by a court of another state unless a court of this State has
 
 jurisdiction to make an initial determination
 
 under G.S. 50A-201(a)(1) or G.S. 50A-201(a)(2)
 
 and
 
 :
 

 (1) The court of the other state determines it
 
 no longer has exclusive, continuing jurisdiction
 
 under G.S. 50A-202 or that a court of this State would be a more convenient forum under G.S. 50A-207 ;
 
 or
 

 (2) A court of this State or a court of the other state determines that the child, the child's parents, and any person acting as a parent
 
 do not presently reside in the other state
 
 .
 

 N.C. Gen. Stat. § 50A-203(1) - (2) (emphasis supplied).
 

 We agree with Petitioner the district court in North Carolina could have asserted "jurisdiction to make an initial [custody] determination" under N.C. Gen. Stat. § 50A-201(a) based upon Petitioner and Dylan having resided in Stanly County since 2016. N.C. Gen. Stat. § 50A-203. However, neither of the alternative bases exist for the court in North Carolina to assert jurisdiction to modify or terminate the California court's 2013 initial custody determination under N.C. Gen. Stat. § 50A-203(1) or
 
 N.C. Gen. Stat. § 50-203
 
 (2).
 

 With regard to N.C. Gen. Stat. § 50A-203(1), "[t]he court of the other state," i.e., California, did not "determine[ ] it no longer has exclusive, continuing jurisdiction" or that "a court of this State would be a more convenient forum." The California court's 18 October 2013 custody order provides as follows:
 

 9. As of the date below, the juvenile court a. has terminated jurisdiction over [Dylan]; requests for any modifications of these orders must be brought in the family court case in which these orders are filed under Welfare and Institutions Code section 302(d) or 726.5(c).
 

 *38
 
 ....
 

 13. The clerk of the juvenile court ... must transmit this order within 10 calendar days to the clerk of the court of any county in which a custody proceeding involving the child is pending or, if no such case exists, to the clerk of the court of the county in which the parent given custody resides. The clerk of the receiving court must, immediately upon receipt of this order, file the order in the pending case or, if no such case exists, open a file without a filing fee and assign a case number.
 

 14. The clerk of the receiving court must send by first-class mail an endorsed filed copy of this order, showing the
 
 *858
 
 case number of the receiving court to: ....
 

 b. Father
 
 (name and address)
 
 : Desa Lagorio ... Northridge, CA 91234 [order erroneously records Respondent's name and address as that of Petitioner's, then a resident of South Carolina]
 

 Although the California
 
 juvenile
 
 court terminated its own jurisdiction, it did so for the purpose of transferring custody jurisdiction to the California
 
 family
 
 court.
 
 See
 

 Cal. Welf. & Inst. Code § 726.5
 
 (d) (2016);
 
 cf. also
 
 N.C. Gen. Stat. § 7B-911(a) - (b) (2017) (authorizing juvenile court, upon awarding custody to a parent, to terminate its own jurisdiction and direct the clerk of court to enter a civil custody order under Chapter 50 of the North Carolina General Statutes). The trial court in Stanly County properly noted the nature of the California court's directive at the outset of the termination hearing:
 

 THE COURT: ... Looking at a custody Order out of the state of California. By the terms of that custody Order it appears entered October 18th, 2013. It says as of the date below which is the same date October 18th, that the juvenile Court has terminated jurisdiction over the ... child[ ] we're concerned here with. Uhm, does that,
 
 certainly it appears that it terminates jurisdiction in the juvenile Court but I'm not so sure whether that terminates California's jurisdiction as such
 
 .
 

 (Emphasis supplied).
 

 *39
 
 The trial court proceeded with the hearing based on the parties' agreement that North Carolina was Dylan's home state and Respondent's waiver of objection "as far as submitting to the personal jurisdiction of the Court."
 

 Because the UCCJEA governs the court's
 
 subject matter
 
 jurisdiction, we conclude the court entering the order under review did not possess subject matter jurisdiction under N.C. Gen. Stat. § 50A-203(1) based upon Respondent's waiver. Moreover, the record before this Court contains no determination by a court in California that "it no longer has exclusive, continuing jurisdiction" as is required by N.C. Gen Stat. § 50-203(1).
 

 With regard to N.C. Gen. Stat. § 50A-203(2), neither the court in California nor the court at the hearing made a finding that Respondent "do[es] not presently reside in [California]." N.C. Gen. Stat. § 50A-203(2). Petitioner alleged, Respondent admitted, and the trial court found that Respondent "is a citizen and resident of the State of California."
 

 Respondent was served with the petition and summons by certified mail at her home address in Simi Valley, California. Petitioner concedes Respondent was residing in California at the time he had initiated the termination proceeding in March 2018. The trial court acquired no jurisdiction to modify the California court's child-custody determination under N.C. Gen. Stat. § 50A-203(2) when that court had not terminated jurisdiction.
 

 B. Relocation to Another State
 

 Petitioner contends Respondent's act of moving to Nevada for two years had the effect of ending the California court's "exclusive, continuing jurisdiction" over Dylan's custody, notwithstanding the undisputed fact that Respondent had returned to and was a resident of California prior to the filing and service of the petition to terminate her parental rights. Petitioner points to the Official Commentary for
 
 N.C. Gen. Stat. § 50-202
 
 , which states as follows:
 

 Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State. ... [U]nless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.
 

 *40
 
 ....
 

 Exclusive, continuing jurisdiction is not reestablished if, after the child, the parents, and all persons acting as parents leave the State, the non-custodial parent returns.
 

 N.C. Gen. Stat. § 50A-202, Official Comment (2017);
 
 see also
 

 Cal. Fam. Code § 3422
 
 (a) (2017).
 

 Presuming
 
 arguendo
 
 the court in California lost exclusive, continuing jurisdiction when Respondent temporarily relocated from
 
 *859
 
 California to Nevada, this occurrence did not confer jurisdiction upon the district court in North Carolina to modify the initial custody determination which was entered in California. Subsection 50A-203(1) requires a finding by the court in California that it no longer has continuing, exclusive jurisdiction, a finding that is not in evidence in the record or in the order appealed from.
 

 C. Parental Kidnapping Prevention Act
 

 Petitioner also asserts California's court lost continuing jurisdiction under the provisions of the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C.A. § 1738A(d) (2019), and notes the PKPA controls over state custody law, where the two statutes are in conflict.
 
 In re Bean
 
 ,
 
 132 N.C. App. 363
 
 , 366,
 
 511 S.E.2d 683
 
 , 686 (1999). Because we presume the court in California lost continuing, exclusive jurisdiction under the UCCJEA when Respondent temporarily moved out of the state, we observe no conflict between the relevant state law and the PKPA on this issue.
 

 Alternatively, N.C. Gen. Stat. § 50A-203(2) requires a finding by either the court in California or in North Carolina that Respondent does not "presently reside[ ]" in California, which is directly contrary to the parties' stipulations, the evidence and the trial court's finding.
 
 Cf
 
 .
 
 In re T.J.D.W.
 
 ,
 
 182 N.C. App. 394
 
 , 397,
 
 642 S.E.2d 471
 
 , 473 (finding jurisdictional requirement in N.C. Gen. Stat. § 50A-203(2) satisfied by evidence that "both parents had left South Carolina at the time of the commencement of the [North Carolina termination] proceeding"),
 
 aff'd per curiam
 
 ,
 
 362 N.C. 84
 
 ,
 
 653 S.E.2d 143
 
 (2007).
 

 VI. Conclusion
 

 The trial court lacked subject matter jurisdiction under either N.C. Gen. Stat. § 7B-203(1) or (2) to modify the California court's child-custody determination. " 'When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void,
 
 i.e.
 
 , as
 
 *41
 
 if it had never happened.' "
 
 In re K.U.-S.G.
 
 ,
 
 208 N.C. App. 128
 
 , 131,
 
 702 S.E.2d 103
 
 , 105 (2010) (quoting
 
 Hopkins v. Hopkins
 
 ,
 
 8 N.C. App. 162
 
 , 169,
 
 174 S.E.2d 103
 
 , 108 (1970) ).
 

 The order terminating Respondent's parental rights is vacated.
 
 See
 

 id.
 

 at 135
 
 ,
 
 702 S.E.2d at 108
 
 . This cause is remanded for dismissal of the petition for lack of subject matter jurisdiction.
 
 It is so ordered.
 

 VACATED.
 

 Judges DILLON and BERGER concur.